YELVERTON, Judge.
The single issue here is whether the trial court abused its discretion in refusing to permit the adoption of a three year old child by his stepfather.
The appellant is James Jordan. He married the child’s mother, Selma, on January 4, 1982. Selma was at that time 30 years old and this was her fifth marriage. The child sought to be adopted, Michael David McCullough, was born of the fourth marriage. He was two years and seven months old when his mother married appellant. They had been married one year when this petition for adoption was heard.
Selma gave her consent to the adoption as required by LSA-R.S. 9:422. Selma had legal custody of the child and its father, the other legitimate parent, had failed to comply with- a court order of support for a period of one year prior to the date of the hearing, facts which the trial court found dispensed with the necessity for the father’s consent under LSA-R.S. 9:422.1. Accordingly, the trial court found that all statutory requirements for the adoption were met. However, the court concluded that it was not in the best interest of the child to grant the adoption at this time. Jordan appealed. We affirm.
The best interest of the child is the major standard to which a court must look before it can determine when or whether to order an adoption. LSA-R.S. 9:432. *905 Adoption of Latiolais, 384 So.2d 377 (La.1980). Each case is to be determined on its own facts and the great discretion of the trial court is not to be disturbed in the absence of a clear abuse of that discretion. In re Hinton, 390 So.2d 972 (La.App. 2nd Cir.1980).
As we said in Adoption of Edwards, 369 So.2d 210, 213 (La.App. 3rd Cir.1979):
“Even where the statutory requirements are met and the non-supporting parent has forfeited the right of consent, the adoption can be denied in order to serve the best interests of the child. Where, for example, the parent proposing to adopt has been married for a brief period, there is no abuse of discretion in denying the adoption.”
In its reasons for judgment in the instant case the trial court explained why it was of the opinion that the prospective adoptive parent failed to demonstrate the adoption would be in the best interest of the child. The trial judge noted that the child’s mother had been married five times: in 1968 for five years, in 1973 for not quite a year, in 1974 for one year, in 1978 (to the child’s father) for two years, and to her current husband, appellant, for one year. In the words of the trial court:
“Mitigating against adoption is the mother’s proclivity for unstable marriages, and the short duration of her marriage to Jordan and the other marriages. Three of the prior marriages lasted two years or less. The present marriage has been in existence for only a year.”
The trial court then denied the adoption adding, however, that “Time may alter the circumstances of this case.”
The trial court’s determination was not an abuse of discretion and will not be disturbed. For the reasons assigned, the judgment of the trial court is affirmed. Appellant is to pay the costs of this appeal.
AFFIRMED.