445 So.2d 202 (1984)
ADOPTION OF Alexa Renee KITLER, Plaintiff-Appellee,
v.
Sheryl Ann KITLER, Defendant-Appellant.
No. 83-277.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
Writ Denied March 23, 1984.
*203 Caskey & Pizzolatto, Nick Pizzolatto, Jr., Lake Charles, Adam Ortego, Sulphur, Lester Robertson, Lake Charles, for plaintiffs-appellees.
James E. Burks, Lake Charles, for defendants-appellants.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
LABORDE, Judge.
In this proceeding for voluntary surrender and adoption of a minor, petitioners, Howard Cureton and Celia Jane Johnson Cureton, husband and wife, were granted an interlocutory decree of adoption. Sheryl Ann Kitler (natural mother) appeals the order contending that the voluntary surrender which she signed is invalid for want of consent and proper authentication. The trial court held that: 1) the act of surrender was valid and binding; 2) it was in the best interest of the child that the adoptive couple be granted custody and an interlocutory decree of adoption. We affirm.

FACTS
Petitioners seek to adopt a girl, Alexa Renee Kitler, eighteen months old. On September 17, 1982 the child was placed in custody of the adoptive couple following the execution of a document by the natural mother, Sheryl Ann Kitler, entitled "AUTHENTIC ACT OF VOLUNTARY SURRENDER AND CONCURRENCE TO PRIVATE PLACEMENT AND ADOPTION IN ACCORDANCE WITH ACT 686, THE 1979 LOUISIANA LEGISLATURE". LSA-R.S. 9:422.3 et seq. The adoptive couple subsequently *204 petitioned the court for an interlocutory decree of adoption and custody. On October 14, 1982 Miss Kitler executed a "REVOCATION OF CONSENT AND ADOPTION OF THE MINOR CHILD" and on October 22, she petitioned the court for a Writ of Habeas Corpus demanding return of the child. The attempted revocation was without effect and the writ denied.
The trial court then conducted a hearing to determine the authenticity and validity of the voluntary surrender executed by the natural mother. Upon consideration of testimony adduced from several witnesses, the trial judge ruled that the act of voluntary surrender was properly executed and binding. In the course of this two and one-half day hearing, the court further determined that it was in the child's best interest that she remain in custody of the adoptive couple and accordingly rendered an interlocutory decree of adoption.
The issues presented on appeal are:
1) Whether the act of voluntary surrender executed by the natural mother on September 17, 1983 is valid in form and effect, and;
2) Whether the interlocutory decree granting custody to the adoptive couple represents the best interest of the child.
ISSUE # 1: FORMAL ACT OF SURRENDER
Miss Kitler contends that the act comporting voluntary surrender is invalid since it was not executed in authentic form in conformity with the stricti juris requirements of LSA-R.S. 9:422.3 et seq. Namely, the document was not signed by her in the presence of a notary and two witnesses. LSA-C.C. art. 2234. We disagree.
The record contains replete and credible testimony which clearly and convincingly shows that the document was executed in the presence of a notary and two witnesses. One of the witnesses testified as to the exact location recalling that both witnesses saw Miss Kitler sign. The notary testified that Miss Kitler did, at minimum, confirm her signature in the presence of the witnesses and notary. He was almost certain, however, that she signed the document in their presence.
We are compelled to doubt the veracity of Miss Kitler's testimony concerning this contention in light of the many inconsistent statements and accounts given by her in this proceeding. This is especially notable where the trial judge stated:
"THE COURT: Well, her credibility, of course, isevery witness' credibility is considered by the Court, so I'd have to be an idiot if I didn't recognize that she lied yesterday, when I was the judge that heard it. She's before us today and I think you can ask her" (Tr. 196)
The trial court properly attributed greater weight to the testimony of the notary and witness to the act of surrender in determining its authenticity. We find no abuse of discretion in this factual determination and are therefore unable to disturb the trial court's finding. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Miss Kitler argues that she was not represented by competent counsel when she signed the document as required by LSA-R.S. 9:422.7. Again, the record establishes that Miss Kitler discussed the legal ramifications of the document with her attorney, Harold Thibodeaux, for at least one hour, immediately before signing the document. Mr. Thibodeaux read the original document aloud to Miss Kitler as she followed with a copy. He also informed her as to the law concerning the matter and specifically read the applicable provisions and discussed them with her. We hold that she was adequately represented and fully aware of the express effects and import of the document.
Following the execution of the voluntary surrender, James Allen Stahl, formally acknowledged the child, Alexa, and claimed to be her natural father. Miss Kitler finally contends that pursuant to LSA-R.S. 9:422.4, Mr. Stahl's signature, as father, was necessary to validate the voluntary surrender. This contention is without merit since Mr. Stahl stated at trial that he *205 did not really believe the child was his. He further indicated that his principal motive in signing the formal acknowledgment was to aid Miss Kitler in regaining custody of the child.
Clearly, the requisite consent necessary to validate an act of surrender for adoption must be express and unequivocal. In re G.O., 433 So.2d 1115 (La.App. 3rd Cir.1983). Adoption laws, being in derogation of natural rights must be strictly construed in favor of the natural parents. In re CDT, 415 So.2d 315 (La.App. 2nd Cir. 1982).
Upon full and thorough review of the document, and based upon all evidence presented, we find that the guidelines of LSA-R.S. 9:422 et seq. have been complied with, stricti juris. Therefore, the trial court properly held the act of voluntary surrender to be valid.
ISSUE #2: BEST INTEREST OF THE CHILD
The best interest of the child is the major standard to which a court must look before it can determine when or whether to order an adoption. LSA-R.S. 9:432; Adoption of Latiolais, 384 So.2d 377 (La.1980). Even where the statutory requirements for adoption are met, the adoption may be denied in order to serve the best interest of the child. We determine each case in accordance with its own facts recognizing the great discretion of the trial court. Factual findings and judgments may not be disturbed in the absence of clear abuse of that discretion. Jordan v. Department of Public Welfare, 442 So.2d 904 (La.App. 3rd Cir.1983).
In the instant case, the trial court held that it was in the child's best interest that the interlocutory decree of adoption be rendered, granting the adoptive couple custody of the child.
The record substantially supports the trial court's findings of fact and ruling. Throughout the adduced testimony, it is apparent that Sheryl Ann Kitler has not maintained employment for any consistent period of time, and that she engages in prostitution and drug use. There is evidence of child neglect, in that the child, Alexa, was made to sleep on the floor at certain apartments where Miss Kitler transiently resided with boyfriends. On one occasion the child was neglected to the extent that she was severely burned on the hand from an open heater which resulted in necessary hospital attention.
Conversely, Mr. and Mrs. Cureton are well-adjusted parents with sufficient resources and employment skills to adequately and abundantly provide materially for the child. Their testimony, as well as others, indicates that the child has adjusted well to her new and stable environment and has responded by improving in her physical and mental well-being.
Mr. Cureton is a college graduate and has completed one year of additional studies towards his master's degree. He is self-employed and is the proprietor of a well-established business, Cureton Metal & Air Conditioning. Mr. Cureton's financial income of $92,000 per year is adequate and allows for Mrs. Cureton to remain at home to care for Alexa and a formerly adopted child, Blake. Mr. Cureton indicated at trial that he loves Alexa and that she calls him "dad". He assists his wife by bathing, babysitting and changing the child's clothing. He and his family attend First Baptist Church of Westlake and he attests that Alexa is well-adjusted and friendly to his whole family. Mr. Cureton indicated that Alexa did not sleep all night at first, but now she does. She plays and gets along very well with her brother, Blake.
Mrs. Cureton is a high school graduate with six semesters of college. She does not work outside of the home. Mrs. Cureton testified that Alexa is no longer scared of her playpen and sleeps well at night. They go to church regularly and plan to give Alexa, as well as Blake, a proper education and healthy family environment.
Based upon these facts and evidence presented in the record, we hold that it is in the child's best interest to remain in *206 custody of the adoptive parents, Mr. and Mrs. Cureton.
Accordingly, for the above and foregoing reasons the trial court rendition of the interlocutory decree of adoption is affirmed at appellant's cost.
AFFIRMED.