469 So.2d 491 (1985)
ADOPTION OF Brandon Scott DORE.
No. 84-462.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*492 Patricia Thomas, Abbeville, for defendant-appellant.
Paul G. Moresi, Jr., Abbeville, for plaintiff-appellee.
Before STOKER, LABORDE and KING, JJ.
KING, Judge.
The issue presented by this appeal is whether or not the trial court was correct in granting a final decree of adoption permitting a stepfather to adopt his stepson without the consent of the child's natural father.
The trial court found that the child's natural father had failed, without just cause, to visit, communicate, or attempt to communicate with his child for over two years and that because of this the natural father's consent to the adoption of his child was not necessary.
The natural father of the child has timely appealed the judgment granting an adoption of his child without his consent. We affirm the trial court's judgment.

FACTS
Robert Dore (hereinafter Dore) and Twiley Blanchard were married in 1976. Of this marriage, Brandon Scott Dore, (hereinafter Brandon) was born on April 11, 1978. One month prior to Brandon's birth, the couple separated and ultimately they were divorced on October 8, 1979. In the divorce judgment Mrs. Twiley Blanchard Dore was granted sole custody of Brandon and Dore was ordered to pay child support of $100.00 per month. The divorce judgment did not include any specific provisions permitting Dore to exercise visitation rights with Brandon.
On December 28, 1979, Mrs. Twiley Blanchard Dore (hereinafter Mrs. Labit) married Mr. Michael Chris Labit (hereinafter Mr. Labit) and they moved into an A-frame house located next door to Mr. Labit's parents. In the meantime, Dore stopped making child support payments for a twelve month period because he claimed Mrs. Labit had denied him visitation rights with Brandon. In February 1981, Mr. Labit *493 filed his first petition seeking to adopt Brandon without Dore's consent. This petition was based on Dore's failure to make the previously ordered child support payments for one year under the provisions of LSA-R.S. 9:422.1(1). The trial judge found that Dore had not made the child support payments ordered by the divorce judgment, but he denied the adoption, presumably because of the silence of the original divorce judgment concerning child visitation and the alleged difficulties of Dore in exercising child visitation, to allow Dore the opportunity to develop a relationship with Brandon. Since the ruling on Mr. Labit's first petition to adopt Brandon, Dore has only visited Brandon once in July 1981 for approximately thirty minutes. Dore has also only sporadically paid child support payments. During 1982, Dore made eight of twelve monthly child support payments and in 1983 he only made one payment of $100.00.
On October 6, 1983, Mr. Labit once again filed a petition to adopt Brandon without Dore's consent. This time the basis for the petition seeking the adoption without Dore's consent is that Dore failed to "visit, communicate, or attempt to communicate with the child, without just cause, for a period of two years" under the provisions of LSA-R.S. 9:422.1(3). The trial judge specifically found that Dore failed to visit, communicate, or attempt to communicate with Brandon in the two year period preceding Labit's filing his petition for adoption. The trial judge also found that:
"[i]t is in the best interest of the child that the Court approve the adoption, that the petitioner would provide for the needs of the child and has been providing for the needs of the child, and is a loving parent, and he's identified as the father figure by the child. It is clearly in the best interest of the child that he be considered the legal father of the child. Therefore, the Court will grant the petition, and will enter a judgment upon presentation, entering a final decree approving the adoption."
Dore presents on appeal two alleged errors for our consideration. First, he urges that the trial court erred in not finding that he had just cause for his "alleged failure to visit Brandon for two years." Second, he claims that the trial court erred in considering the best interests of the child instead of his best interests as the natural father and non-custodial parent of Brandon.
At the time of this proceeding, LSA-R.S. 9:422.1(3) provided that the spouse of a custodial parent can adopt the custodial parent's child without the consent of the other parent when:
"(3) The other legitimate parent has refused or failed to visit, communicate, or attempt to communicate with the child, without just cause, for a period of two years."
We note at the outset that we agree with the trial court's finding of fact from the evidence that Dore failed to visit, communicate, or attempt to communicate with Brandon in the two year period prior to Mr. Labit filing his second petition for adoption of Brandon. Mr. and Mrs. Labit both testified that Dore did not even attempt to visit or communicate with Brandon during the preceding two year period. Mrs. Labit testified that the last time Dore visited Brandon was in July 1981, more than two years before the present adoption petition was filed. On the other hand, Dore claimed he visited Brandon at the Labit house three times during the last two years, yet he could not describe the color or the general design of the house. Dore's inability to describe the house is particularly significant because the house that Mr. and Mrs. Labit lived in with Brandon during this entire period of time is an A-frame house that was painted yellow prior to the last time Dore claimed he visited Brandon. Obviously, the trial judge chose to believe Mr. and Mrs. Labit's testimony over Dore's testimony and we find no manifest error in this finding. See In re Bas Applying for Adoption, 424 So.2d 405 (La.App. 2nd Cir. 1982).
We now turn to whether Dore's failure to visit, communicate, or attempt to *494 communicate with Brandon for two years was without just cause. To constitute "just cause," a parent's failure to visit or communicate must be due to factors beyond his control. In Re Glass Applying for Adoption, 424 So.2d 383 (La.App. 2nd Cir.1982); In Re Daboval, 377 So.2d 459 (La.App. 4th Cir.1979), writ denied 380 So.2d 101 (La.1980). For example, in In Re May, 441 So.2d 500 (La.App. 2nd Cir.1983), writ denied 458 So.2d 475 (La.1984), the natural father's failure to visit his children was excused while he was imprisoned, however, his imprisonment was held to not justify his failure to communicate with the children.
Dore contends that his failure to visit Brandon is justified because (1) the divorce judgment granting custody to his former wife, Mrs. Labit, is silent as to his visitation rights; and (2) Mrs. Labit would not allow him to visit Brandon unless the visit took place at the Labit house while both Mr. and Mrs. Labit were present. Admittedly, Mrs. Labit's conditions might have made it uncomfortable for Dore to visit Brandon, but they were not so intolerable so as to render his failure to visit justified as being due to factors beyond his control. If Dore was truly interested in exercising his parental right to visit Brandon, he could have either complied with Mrs. Labit's conditions or taken legal action to attempt to establish what he considered were more reasonable visitation arrangements at specified times. It is important to note that the trial court denied Mr. Labit's first attempt to adopt Brandon, for the express purpose of allowing Dore the opportunity to develop a relationship with Brandon, and at that time there also was no judgment or order giving Dore visitation privileges with Brandon. Apparently Dore's defense to the first attempt to adopt Brandon is the same reason he now again argues should be found to be "good cause" for his failure to visit or communicate. Despite the fact that Dore was given an opportunity to develop a relationship with Brandon, Dore failed to visit, communicate or even attempt to visit or communicate with Brandon for more than two years. Under these circumstances, the trial court was correct in finding that Dore's failure to visit and communicate or attempt to visit and communicate with Brandon was without just cause.
Finally, we consider whether the trial court erred in applying the "best interests of the child" standard in ultimately deciding whether to permit the adoption. Dore contends that the court should only have considered the "best interest of the parent." In support of this argument Dore relies on Steed v. McKenzie, 344 So.2d 689 (La.App. 1st Cir.1977), wherein the First Circuit Court of Appeal refused to base its decision in a step-parent adoption "entirely or primarily" on what was in the best interest of the child. The Court explained in Steed v. McKenzie, supra:
"We note language in the cited cases referring to the `best interest of the children', but we fail to detect therein any indication of a trend to decide cases of this nature, either entirely or primarily upon the mentioned concept. In our view, the basic, primary and fundamental issue in these cases is not the best interest or welfare of the child. Presumably that issue was determined when custody was awarded to the spouse of the party seeking adoption. These cases, we believe, are concerned solely with the basic, inherent right of the parent whose child is sought to be adopted by the spouse of his former mate. We refer, of course, to the right of a parent to prevent the adoption of his child without his consent. We agree with the pronouncement in In re Adoption of Fouts, above, to the effect that courts will not callously overlook the rights of a natural parent who has made a reasonable effort to fulfill his parental obligation to support his children. We conclude this same principle applies to a parent who is incapable of fulfilling this obligation by circumstances beyond his control." Steed v. McKenzie, 344 So.2d 689, 693 (La.App. 1st Cir.1977).
With all due respect to our brethren on the First Circuit, we find that Steed *495 v. McKenzie, supra, is not in accord with subsequent decisions of the Louisiana Supreme Court and our own court. Thus, we decline to apply its holding to this case. We agree that the court must be ever mindful of the parental rights at stake in determining whether the parent's failure to visit the child was without just cause, and thus negating the necessity of obtaining his consent for an adoption. However, once the court finds that the parent's consent is unnecessary, it must then determine whether the adoption is in the best interests of the child. Adoption of Latiolais, 384 So.2d 377 (La.1980); Wyatt v. Department of Public Welfare, 442 So.2d 1369 (La.App. 3rd Cir.1983); Adoption of Edwards, 369 So.2d 210 (La.App. 3rd Cir. 1979). Accordingly, the trial court was correct in considering the best interests of the child, rather than Dore's best interest, once the Court found that Dore's consent was unnecessary for the adoption of Brandon.
Finally, Dore contends that Mr. Labit failed to prove that the adoption was in the best interests of the child. The trial court is empowered with much discretion in making this determination and its decision will not be disturbed on appeal absent manifest error. Adoption of Kitler v. Kitler, 445 So.2d 202 (La.App. 3rd Cir.1984), writ denied 447 So.2d 1069 (La.1984); Jordan v. Department of Public Welfare, 442 So.2d 904 (La.App. 3rd Cir.1983). The testimony indicates that Brandon has absolutely no relationship with Dore. To the contrary, the evidence shows that Mr. Labit has been the only father Brandon has known since Brandon was 1½ years old. The evidence further shows that from the time that Mr. and Mrs. Labit married, Mr. Labit has supported and cared for Brandon as if he was his own son. Under these facts, the trial court properly concluded that Mr. Labit's adoption of Brandon was in the best interests of the child.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is assessed with all costs of this appeal.
AFFIRMED.