499 So.2d 190 (1986)
In re RMK Applying for Adoption.
No. 18095-CAJ.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*191 Northwest Louisiana Legal Services, Inc. by Leon L. Emanuel, III, Shreveport, for appellant.
Robert A. Jahnke, Shreveport, for appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Chief Judge.
In this adoption proceeding, petitioner sought to adopt the five children of his wife. Defendant, the children's legal father and a non-resident of Louisiana, consented to the adoption of two of the children who were petitioner's biological children, but opposed the adoption of the other three children. From the judgment ordering the adoption of the three children, defendant appealed. We affirm.
On appeal, defendant specifies that the juvenile court erred: (1) in finding that defendant's consent was not required and in determining that the adoption should be granted; (2) in relieving the court appointed attorney and determining that defendant should be represented by Northwest Louisiana Legal Services; and (3) in not assessing a reasonable attorney's fee for Legal Services as part of the court costs.

FACTS
Defendant and the children's mother were married in January, 1972. The three children were born while the couple lived in New Jersey and Pennsylvania.
In September of 1977, the couple separated and the mother along with the children moved to Shreveport, Louisiana. Defendant was ordered to pay child support in the amount of $130.00 per month by a Pennsylvania court beginning October 1, 1977. Shortly thereafter, however, the court order was suspended effective December 9, 1977, with defendant in arrears in the amount of $294.29.
*192 While the mother was separated from defendant but prior to their divorce, she gave birth to the other two children whose adoption is not opposed. In December of 1980, she obtained a divorce judgment against defendant which granted her custody of the three children but apparently made no mention of the younger two children.
Later that same month, on December 24, 1980, the mother married petitioner. Since that time all five children have resided in the family home with their mother and petitioner. Defendant has neither supported, communicated, nor visited with his children since November 8, 1977.
On May 9, 1985, petitioner brought this action to adopt the five minor children alleging defendant's consent was unnecessary because of his failure to communicate with or pay child support for any of his children. Petitioner also alleged he was the biological father of the two younger children. The court appointed a curator ad hoc for service of process upon defendant, a non-resident parent, pursuant to LSA-R.S. 9:426. Defendant was notified of the proceedings and, being unable to retain the court appointed attorney, contacted Northwest Louisiana Legal Services, Inc. The court relieved appointed counsel of further responsibility after Legal Services enrolled as counsel for the defendant.
Adoption of the two younger children was granted without contest. After trial of the matter of adoption of the other three children, the court found defendant's consent was not required because no legal cause existed for his failure to contact or support his children since 1977 and the adoption was in the best interest of the children.

MERITS OF THE ADOPTION
Counsel for appellant asserts that the trial court erred in determining defendant's consent was not required for the adoption of the three children. Defendant does not dispute that he failed to support or visit his children since 1977; however, he argues "just cause" existed for his failure to do so because he did not know where his children lived or how to locate them.
Under LSA-R.S. 9:422.1 the petitioner as spouse of the legitimate custodial parent can adopt her children without the consent of the children's other legitimate parent who is a nonresident if the other parent has failed to support the children for a period of one year after judgment awarding custody, or if the other parent has refused or failed to visit, communicate, or attempt to communicate with the children without just cause for a period of two years. Just cause will excuse failure to support as well as failure to visit or communicate. To constitute "just cause," a parent's failure to support, visit, or communicate with his children must be due to factors beyond his control. Adoption of Dore, 469 So.2d 491 (La.App. 3d Cir.1985); In re Glass Applying for Adoption, 424 So.2d 383 (La.App. 2d Cir.1982).
Defendant was fully aware his children had moved to Shreveport after he and their mother separated. He testified that he visited them in Shreveport on November 8, 1977. Thereafter, defendant never made a serious effort to locate his family. As the trial court noted, his attempts to communicate with his children were sporadic and far apart.
The evidence adduced at trial revealed that in March, 1979, defendant, after being notified by the welfare office of his former wife's address, drove to Shreveport in an attempt to visit his family. Upon arrival, he learned his children no longer lived at that address. Instead of making any further effort to find his children, defendant simply returned to his car and headed back for Pennsylvania. The next attempt he made to communicate with his children occurred in April, 1982 when he mailed three of his children Easter cards. However, the letters were returned with the notation "not deliverable as addressed." Defendant testified that he did not even attempt to communicate with his children from March, 1979 until April, 1982 because he had no idea how to get in touch with them. The record does not indicate defendant has *193 made any substantial efforts to contact his children since he mailed the Easter cards in 1982, a period in excess of three years.
The trial court concluded that although the mother and stepfather did not make it easy for defendant to locate his family due to their frequent changes of address, all in the Shreveport area, his failure to support and communicate with them was not due to factors beyond his control. They could have been located with little effort in any number of ways. Under these facts, the trial court properly concluded that defendant's failure to support, communicate, or visit his children was without just cause.
Defendant's consent to the adoption was not required and the adoption is clearly in the best interest of the children.

LEGAL REPRESENTATION OF DEFENDANT
Counsel for appellant specifies that the trial court erred in relieving the court appointed attorney of responsibility and in determining that appellant should be represented by Northwest Louisiana Legal Services, Inc. It is also specified that the trial court erred in not assessing a reasonable fee for the services of the court appointed attorney against appellee as part of the costs of court.
Counsel for appellant argues that the duties of the attorney appointed to represent a nonresident defendant who does not give his consent to the adoption of his children are not limited to serving as an agent for service of process and notifying the nonresident, but on the other hand, include the responsibility of asserting defenses and generally representing the defendant's interest in the same manner as would a retained attorney. It is argued that an attorney appointed by the court to represent an absentee who does not give his consent to the adoption may not be relieved as court appointed attorney merely because the nonresident cannot afford to employ the court appointed attorney or other counsel or because the indigent, nonresident defendant is eligible for representation by Legal Services.
Counsel for appellant further argues that since the court ordered Legal Services to go forward with the defense of this matter in lieu of the court appointed attorney, then Legal Services is entitled to a reasonable fee to be taxed as costs of court and paid by the petitioner.
When the petition for adoption was filed by the stepfather, an attorney was appointed curator ad hoc to represent the children's father who was alleged to be a nonresident of the State of Louisiana. This was in accord with LSA-R.S. 9:426 and LSA-C.C.P. Art. 5091. The attorney appointed to represent the nonresident filed an answer generally denying the allegations of the petition and asking that the petition be dismissed.
The matter was set for trial on June 25, 1985. The minutes for that date reflect that the curator ad hoc was not present and that an attorney with the Northwest Louisiana Legal Services was present and enrolled as counsel for the father. Counsel entered an opposition to the adoption on behalf of the father and the matter was continued and set for trial on July 29, 1985. The transcript of that proceeding reflects that the enrollment of the Legal Services counsel was "conditional pending results of the information we get from Pennsylvania" and that his enrollment was "subject to their subsequent report." The court stated that once this communication was established then the curator would be relieved. Counsel for both parties agreed to the continued trial date.
When the matter came on for trial on July 29, the curator ad hoc noted that the defendant-father was present and that it was counsel's understanding that he would be relieved and Northwest Louisiana Legal Services would represent the father, but that he was now advised that Legal Services did not wish to do so. Northwest Louisiana Legal Services counsel stated that he was appearing only for the limited purpose of noting the objection to the adoption proceedings and, in effect, to assert the position that the court appointed attorney should be required to continue representation *194 of the defendant and to assert defenses for him. It was Legal Service's position that it would represent the defendant only if the court refused to require the court appointed attorney to do so.
The curator ad hoc stated that, historically, he had not proceeded with an adoption under these circumstances unless he had been retained by the defendant by separate contract after notifying the defendant.
The court noted that Northwest Louisiana Legal Services had previously been enrolled as counsel for the defendant subject only to verifying his eligibility for Legal Services with the initiating office of Legal Services in another state, which had been accomplished. Since the court found that Legal Services had enrolled to represent the defendant, the court discharged the curator ad hoc from further responsibility and ordered Northwest Louisiana Legal Services to proceed as counsel for the defendant.
Trial proceeded and the defendant was diligently and expertly represented by Legal Services counsel.
LSA-R.S. 9:426 provides that if a parent cannot be located or is not domiciled within the state, a curator ad hoc shall be appointed and service shall be made upon him. Any appearances or acceptances of service by the curator ad hoc shall be valid but he shall not be allowed to waive any rights of notice. The curator ad hoc shall be an attorney at law and shall receive a fee as in civil proceedings.
This statute is consistent with LSA-C. C.P. Art. 5091 which provides that the court shall appoint an attorney at law to represent the defendant when it has jurisdiction over the status involved and the defendant is a nonresident or absentee who has not been served with process and who has made no general appearance. Art. 5091 further provides that all proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him.
LSA-C.C.P. Art. 5093 provides that an attorney appointed to represent a defendant may waive citation and accept service of process, but may not waive any defense. LSA-C.C.P. Art. 5094 provides that the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding and of the time available for the filing of an answer or the assertion of a defense.
LSA-C.C.P. Art. 5095 provides:
The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.
Except in an executory proceeding, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant.
LSA-C.C.P. Art. 5096 provides that the court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court. If the attorney so appointed is retained as counsel for the defendant, the attorney shall immediately advise the court and opposing counsel of such employment.
LSA-C.C.P. Art. 5098 provides that the failure of the appointed attorney to perform any duty imposed upon him, or the violation by any person of the provisions of Articles 5092 through 5096 shall not affect the validity of any proceeding, trial, order, or judgment in the action or proceeding, or in connection therewith. Counsel for appellant concedes that the failure of appointed counsel to carry out his responsibilities or failure of the court to require him to do *195 so will not affect the validity of the adoption judgment rendered. See In re Wildeboer, 406 So.2d 687 (La.App. 2d Cir.1981).
It is certainly correct that an attorney appointed to represent a nonresident defendant in an adoption proceeding has responsibilities beyond accepting service of process, communicating with the defendant, and filing an answer. The Code of Civil Procedure clearly provides that the appointed attorney generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant. The appointed counsel is not relieved of these responsibilities and the court cannot relieve him of these responsibilities simply because the absentee defendant does not contract with the court appointed attorney for representation at an agreed fee. The court appointed counsel's obligation is to proceed in the manner directed by the code article. As provided in the code, the appointed attorney is entitled to a reasonable fee for his services to be paid by the plaintiff and taxed as costs of court.
On the other hand, where the absentee defendant obtains other counsel, either retained under a fee arrangement or through the Legal Services organization, then the court appointed counsel is entitled to be relieved of further responsibility. Such was the situation presented to the trial court in this instance. Although it may not have been the intention of Legal Services to undertake the full representation of the nonresident and there may have been some miscommunication, the court minutes and transcript of the court hearing on June 25, 1985 reflect that Legal Services enrolled as counsel for the nonresident subject only to the qualification that his eligibility for Legal Services be confirmed, which it was. Questions about whether the court appointed attorney should continue to represent the nonresident were not presented to the court until the case was called for trial and at that point the court was justified in requiring Legal Services to go forward with its representation of the defendant and in relieving the court appointed attorney of further responsibilities.
Under these circumstances, Legal Services was providing representation to the nonresident defendant under its arrangement with that defendant and did not occupy the position of court appointed attorney. Accordingly, Legal Services is not entitled under LSA-R.S. 9:246 and LSA-C. C.P. Art. 5096 to have a reasonable fee for its services fixed by the court to be paid by the plaintiff and to be taxed as costs of court.

DECREE
For the reasons assigned, the judgment of the juvenile court is affirmed at the cost of defendant-appellant.
AFFIRMED.