DOUCET, Judge.
This case concerns an appeal from a judgment rendered in an adoption proceeding. Lawrence Joseph Fontenot (Lawrence), the natural father of the child at issue, appeals from a judgment granting the petitioners, Carroll Eldon Raymond Radke (Carroll) and Georgia Mae Barbee Radke (Georgia), the adoption of AJF.
Lawrence Joseph Fontenot and Linda Gayle Bonin Fontenot (Linda) were married on June 20, 1981. Their child, AJF, was born on December 28, 1982. On October 4, 1985, Lawrence and Linda divorced and the mother, Linda, was awarded custody of AJF. The record shows Linda subsequently executed an Act of Surrender granting custody of AJF to her mother, Georgia, and her stepfather, Carroll. By reference, the record further shows Georgia and Carroll were awarded custody of AJF by judgment hdated January 14, 1986. The father, Lawrence, was a defendant in the matter and the minutes reflect he was present and made no objection in that proceeding. On June 24, 1993, Georgia and Carroll filed suit seeking to adopt the child. A trial was held in the matter on August 18, 1983, and judgment granting the adoption in favor of the petitioners was signed on August 23,1993. The trial court found the evidence showed the natural father’s consent to the adoption was not required because of his lack of communication and visitation with AJF for over a two year period prior to the adoption proceedings and that the adoption was in the best interest of the child.
Lawrence appeals alleging that the trial court erred in allowing the hearing to proceed. Lawrence argues that the trial court was aware that he desired, but was unable to afford, legal counsel and that he was refused the assistance of an attorney through the Legal Service Organization.
Appellant cites no authority to support his contention. After reviewing the provisions contained in Title XII of the Louisiana Children’s Code, we are unable to find any provisions which require the trial court in such circumstances either to delay the proceedings, or to appoint an attorney. Thus, we find the trial court did not err in this regard.
Appellant essentially contends the trial court also erred in finding his consent to the adoption was not necessary because he failed to communicate or visit with the child for a two year period. Specifically, appellant argues the trial court erred in finding that the contacts which appellant had with the child in the two year period were not significant contacts.
At trial, Linda testified that her child has lived with the petitioners since he was six months old. AJF is now eleven years old. She stated that Lawrence was living in Alex *687 andria in 1990 and that he visited with the child in Jennings during the Christmas holidays of 1990. She explained that since [¡¡December of 1990, Lawrence returned to Jennings and resided with his mother on Fourth Street, only a few blocks from petitioners’ residence. Linda believed that Lawrence did not visit or attempt to visit with AJF for the next year and one-half even though he knew where the child lived. To her knowledge, Lawrence did not see AJF again until he attended AJF’s baseball tournament in June of 1992. She explained that after the summer of 1992, Lawrence was incarcerated. She indicated that there were no other contacts with the child other than a letter since that time. She stated that Lawrence was released from prison several months before trial, and since his release, he went to the petitioners’ residence on one occasion to see the child.
Carroll testified that he married the child’s maternal grandmother in 1975 and that the child has been residing with them for the past ten and one-half years. Carroll’s testimony tracked that of the mother’s in regard to the lack of contact between Lawrence and the child. Carroll confirmed that Lawrence did not have any communication with the child from December 1990 until the summer of 1992. He confirmed that Lawrence made no attempts to contact the child during this time period. Carroll stated that Lawrence saw the child on approximately four occasions at the ballpark during the summer of 1992. He confirmed that Lawrence did not call or visit with the child or take the child to his home during that summer. Carroll also stated that, other than a letter, Lawrence made no attempts to communicate with AJF prior to his incarceration. Carroll was not aware of any attempts by Lawrence to communicate with the child during his incarceration. After his release from prison in April 1993, according to Carroll, Lawrence visited the child on one occasion at their residence. However, he also stated this visit took place after the petition for adoption was filed.
Georgia is a housewife. She testified that Lawrence had not phoned the child or visited with him at their residence since December 1990. She testified that, other than the letter [4and his attendance at the ballgames, Lawrence had not seen or contacted the child in two years.
Lawrence testified at the hearing and denied there had ever been a two year period where he had not seen or talked to AJF. He stated that he had visited with the child, taking him to the park and MacDonald’s restaurant, after December of 1990. Lawrence admitted he did not attempt to write or call the child during his incarceration. Since his release on April 20, 1993, Lawrence stated he called the child once and visited him on one occasion before the petition for adoption was filed.
Adoption provisions are a derogation of the natural rights of the legitimate parent and must be strictly construed in favor of the natural parent. Wyatt v. Department of Public Welfare, 442 So.2d 1369 (La.App. 3 Cir.1983); Ross v. Miles, 430 So.2d 763 (La.App. 5 Cir.1983).
Ch.C. Art. 1245[1] is controlling in cases involving adoption by a grandparent who has been granted custody, and sets forth the conditions for dispensing with parental consent. It provides in pertinent part:
A. The consent of a parent as required by Article 1193 may be dispensed with upon proof of the required elements of either Paragraph B, C, or D.
[[Image here]]
B. When a grandparent has been granted custody of the child by a court of competent jurisdiction and any one of the following conditions exist:
[[Image here]]
(3) A parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
[[Image here]]
*688 |sA petitioner has the burden of showing at trial that the non-consenting parent refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years. Matter of Harrell, 413 So.2d 1346 (La.App. 1 Cir.1982). The trial court found that petitioners met their burden of proof. Thus, on appeal, we must determine whether the record evidence furnished a reasonable factual basis for the trial court’s factual finding. If we find such a factual basis and cannot say that the finding was clearly wrong, we may not disturb it. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Lawrence’s testimony in regard to his contact with the child after December 1990 directly conflicts with that of the petitioners and Linda. The trial court apparently found the testimony of the petitioners and Linda more credible on this point. We find this credibility determination was reasonable in light of the record reviewed in its entirety. Rosell v. Esco, 549 So.2d 840 (La.1989). However, it is uncontested that Lawrence attended four of the child’s baseball games in the summer of 1992 and wrote him a letter prior to his imprisonment. The parties also agree Lawrence visited the child after his release from prison in April of 1993; however, the testimony is in conflict as to whether the visit took place before or after the petition was filed. The trial court found that there had not been significant contact with the child within the meaning of the law for at least two years.
In interpreting the language contained in former LSA-R.S. 9:422.1A(3), now Ch.C. 1245(B)(3), this court in Kirby v. Albert T.J., 517 So.2d 974, 980 (La.App. 3 Cir.), writ denied, 519 So.2d 107 (La.1987), relied on the interpretation of the statute in cases of non-support and stated:
| eJust as Louisiana courts have interpreted R.S. 9:422.1(1) and (2) as requiring “significant” support payments[1] we feel that 9:422.1(3) requires more than a token attempt by a legitimate parent to communicate with his or her child.
(footnote omitted)
The rationale for interpreting the language of LSA-R.S. 9:422.1A(1) as requiring “significant support payments” was stated in Haynes v. Maugham, 375 So.2d 103, 105 (La.1979) as follows:
The language “refused or failed to comply with a court order of support for a period of one year” can be interpreted in a number of ways: It can be interpreted on the one extreme so rigorously as to apply even to the parent who pays each month for twelve consecutive months prior to suit, but in each case for an arrearage, so that for the full twelve months he had never been in full compliance with the court order, and on the other extreme so leniently as to permit any payment however small, within twelve months prior to the filing of the petition for adoption and irrespective of the amount of accumulated arrearages, to suffice to prevent application of the statute. Neither of these extremes is acceptable.
Required as we are to achieve a result in this litigation by interpreting and applying the statute, we find that a common sense interpretation is the following: If a parent under court order to support a child has not made a significant support payment within a year prior to filing of the petition for adoption, that parent loses the right to prevent the adoption by withholding consent.
In interpreting and applying the statute to the facts of this case, we are of the opinion that Article 1245 requires significant contact and that the contacts enumerated above were not significant contacts which would have rendered Ch.C. Art. 1245(B)(3) inapplicable. The evidence furnishes a reasonable factual basis for the trial court’s finding and we are unable to say it is clearly wrong.
Lawrence argues that those periods in which he failed to have contact with his son were due to personal problems and the petitioners’ refusal to allow him access to his son.
J7T0 constitute just cause, a parent’s failure to visit, communicate, or attempt to communicate with his child must be due to factors beyond his control. Kirby v. Albert T.J., swpra; Adoption of Dore, 469 So.2d 491 (La.App. 3 Cir.1985). While it is understand *689 able that Lawrence was unable to visit with his son while he was incarcerated, he is responsible for his failure to communicate with the child. In Re Adoption of Brous-sard, 469 So.2d 454 (La.App. 8 Cir.), writ denied, 474 So.2d 1303 (La.1985). The testimonies of petitioners and Linda indicate that, with the exception of ’one instance prior to December 1990, Lawrence has not been refused access to the child. Lawrence has known the whereabouts of AJF at all times, and for the most part, lived in close proximity to the child. The fact that Lawrence’s letter to AJF was delivered by Linda supports the conclusion that Lawrence received cooperation from Linda. Thus, we conclude Lawrence’s failure to communicate with the child was not due to factors beyond his control.
Finally, we must consider whether the trial court erred in finding that the adoption was in the best interest of the child. The trial court has much discretion in determining whether the adoption is in the child’s best interest. Its decision will not be disturbed on appeal absent manifest error. Adoption of Dore, 469 So.2d 491 (La.App. 3 Cir.1985). It is undisputed that petitioners have provided a stable home environment for the child. The record shows that AJF has lived with petitioners for the past ten years. Petitioners have supported the child and cared for his needs since he was six months old. Carroll testified that the child is a well-adjusted child and happy living in their home. Linda testified that the child is very close to petitioners and wants to be adopted by them. Under these facts, the trial court properly concluded that the adoption of AJF by petitioners was in the best interest of the child.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is assessed with all costs of this appeal.
AFFIRMED.
COOKS, J., dissents and assigns written reasons.

. Ch.C. Art. 1245 is a revision of LSA-R.S. 9:422.1. The grounds formerly contained in LSA-R.S. 9:422.1(A)(1) through (3) have not been changed. Ch.C. Art. 1245 was added by Acts 1991, No. 235, § 12, and became effective on January 1, 1992.