683 So.2d 362 (1996)
SUCCESSION OF Joseph M. GRUCE, Sr.
No. 96 CA 0238.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
*363 Bernard J. Francis, Sr., Donaldsonville, for Appellant, Joseph M. Gruce, Jr.
Richard Brazan, Jr., Donaldsonville, for Appellee, Succession of Joseph M. Gruce, Sr.
Philip G. Caire, Baton Rouge, for Appellee, Eleanor Gruce Bortnick.
Before WATKINS, KUHN and GUIDRY, JJ.[1]
GUIDRY, Judge.
This appeal arises from an attempted disinherison by a father of his daughter. The trial court concluded that the ground for disinherison was invalid and the father's son appealed the decision.[2]

FACTUAL BACKGROUND
Joseph Gruce, Sr., (the testator), died testate on April 14, 1995. He was survived by two children from two different marriages. The first child was the appellee, Eleanor Bortnick (Ms. Bortnick), and the second child was Joseph M. Gruce, Jr.[3] In the testator's "Last Will and Testament" dated January 29, 1993, the testator disinherited Ms. Bortnick with the following language:
I, JOSEPH M. GRUCE, desire to disinherit my child, Eleanor[4] Gruce Bortnick, because for over two years she has failed without just cause to communicate with me even though she lives in Baton Rouge and visits individuals living in my complex. She is not in the military service.
On May 12, 1995, a petition to probate the will was filed in which the disinherison provision was noted. Additionally, the petition contained a request for the issuance of a rule *364 ordering Ms. Bortnick to show cause why the will should not be probated. The hearing on the rule was held on June 19, 1995. At the hearing, Ms. Bortnick contested the disinherison provision, contending that the alleged ground stated for her disinherison did not exist. Specifically, Ms. Bortnick argued that she communicated with the testator on two occasions during the two year period before the testator executed his will in January 1993. The first occasion was in early 1992 when, accompanied by a friend, she delivered a casserole that she had prepared to the testator. The second occasion was in May 1992 when she drove her uncle and his wife to see the testator at his home. Only the uncle went up to see the testator; however, when the uncle left, the testator walked him to the car and said hello to Ms. Bortnick and her uncle's wife.
After hearing evidence from both sides, the court took the matter under advisement and ordered the filing of post-trial memoranda. Subsequently, the trial court ruled that the casserole incident in early 1992 was a communication, but the incidental exchange of greetings at the car was not a communication. The court also concluded that the relevant two year period was the two years immediately preceding the execution of the will. Thus, proof of the casserole incident allowed Ms. Bortnick to overcome the statutory presumption that the facts underlying the disinherison ground were true. A judgment ordering the probate of the will and declaring the disinherison provision invalid was signed on July 17, 1995.
It is from this judgment that Joseph M. Gruce, Jr., appeals, asserting two assignments of error. First, Joseph M. Gruce, Jr. argues that the trial court erred in finding that the casserole incident was a communication contemplated under La.C.C. art. 1621(12). Second, he asserts that the court erred in its conclusion that the two year period of no communication must occur immediately prior to the execution of the will.

LAW
Under La.C.C. art. 1621(12), a parent may disinherit a child "[i]f the child has known how to contact the parent, but has failed without just cause to communicate with the parent for a period of two years after attaining the age of majority, except when the child is on active duty in any of the military forces of the United States." Louisiana Civil Code article 1621 also provides that there shall be a rebuttable presumption as to the facts set out in the act of disinherison to support the causes of disinherison. Succession of Cure, 633 So.2d 590, 594 (La. App. 1st Cir.1993). The reasons for disinherison of a forced heir must be expressed by the testator in his will, and the forced heir who is disinherited by the will has the burden of proving that the cause stipulated for disinherison did not exist or that the forced heir had reconciled with the testator after the act or circumstance alleged to constitute the cause for disinherison. La.C.C. art. 1624; Cure, 633 So.2d at 594.

COMMUNICATION
Louisiana Civil Code article 1621(12) does not prescribe the form or manner of communication necessary to prevent the disinheritance. Additionally, at the present time, there is only one reported case, Succession of Steckler, 95-227 (La.App. 5th Cir. 11/28/95), 665 So.2d 561, that addresses the issue of what constitutes a "communication" under Article 1621(12). In Steckler, the court stated that "the only qualitative standard imposed on the communications referred to in La.C.C. art. 1621(12) is that it must be respectful and made known or conveyed to the parent." Steckler, 665 So.2d at 565. The court went on to find that proof that a child sent two Christmas cards and one birthday card to his parent in a two year period was a respectful communication that defeated the disinherison based on the twelfth ground of La.C.C. art. 1621. Steckler, 665 So.2d at 565. In reaching this conclusion, the Steckler court noted the absence from La.C.C. art. 1621(12) of a requirement that the parent respond to the act that constitutes the communication. Steckler, 665 So.2d at 565.
We agree with the Steckler court's interpretation of communication as contemplated by article 1621(12). Consequently, we find that the only qualitative requirement in *365 the statute is that the communication be respectful. We find that Ms. Bortnick's preparation and personal delivery of a casserole to the testator fits into the category of a respectful gift, which in turn constitutes a communication contemplated by article 1621(12). Thus, we agree with the trial court that the casserole incident constituted a communication.

TWO YEAR PERIOD
An issue also remains regarding what two year period of no communication is contemplated by La.C.C. art. 1621(12). In determining whether Ms. Bortnick met her burden of proving the ground for disinherison did not exist, the trial court only considered whether or not Ms. Bortnick communicated with the testator during the two year period immediately preceding the execution of his will. In its written reasons for judgment, the trial court stated "[t]he two year period mentioned in La.C.C. art. 1621(12) must be interpreted to be two years prior to confecting the will." There was no authority cited for this "mandatory" interpretation of the relevant two year period by the trial court. Appellant contends that this narrow interpretation of the statute was wrong.
The grounds for disinherison were liberalized by Act 456 of the 1985 legislative session. Through this act, the following pertinent changes were made to the disinherison statutes: 1) a twelfth ground for disinherison, the failure without just cause to communicate with the parent for a period of two years after attaining the age of majority, was added; 2) a rebuttable presumption as to the facts set out in the act of disinherison to support the disinherison grounds was created; and 3) the burden of persuasion was placed on the disinherited forced heir to prove that the cause stipulated for disinherison did not exist. La.C.C. arts. 1621 and 1624. The avowed purpose of the authors of the house bill which became Act 456 was to make disinherison less difficult for a parent under the enumerated grounds. Katherine Shaw Spaht, Developments in the Law, 1984-85, Successions and Donations, 46 La. L.Rev. 707, 708. Against this background, the twelfth ground for disinherison is entitled to a liberal interpretation.
Thus, under the current articles governing disinherison, the presumption as applied to the twelfth ground for disinherison requires the disinherited heir to prove (1) he did communicate with the parent and, furthermore, that two consecutive years did not elapse between such communications; or (2) he did not know how to contact the parent; or (3) his failure to so communicate was with just cause. Katherine Shaw Spaht, Developments in the Law, 1984-85, Successions and Donations, 46 La.L.Rev. 707, 709 (emphasis added).
The trial court's narrow interpretation of the twelfth ground for disinherison which was added with the 1985 amendments, is inconsistent with the expressed purpose of the 1985 act to liberalize disinherison. The interpretation also reads into the statute a requirement that the legislature chose not to include. Specifically, under the trial court's interpretation, the article would have read, "but has failed without just cause to communicate with the parent for the two years immediately preceding the execution of the act of disinherison." As the legislature did not include this restriction on the two year time period, we are not compelled to read such a restriction into the statute.
Additionally, the Steckler court implicitly concluded that any two year period without communication that occurred after the child attained the age of majority and before the execution of the will would be sufficient to meet the twelfth ground for disinherison.[5] We find this implication persuasive.
*366 Finally, if the trial court's interpretation of what is the relevant two year period is followed, the burden of proof would be on the forced heir to only show that he communicated with the testator within the two year period immediately before the execution of the will through which he was disinherited, as opposed to proving that he communicated with his parent at least every two years prior to the execution of the will.
Accordingly, we conclude that any two year period after a child has attained the age of majority, but before the will is executed, in which the child fails without just cause to communicate with his parent constitutes the twelfth ground for disinherison as contemplated by La.C.C. art. 1621. We specifically reject the conclusion of the trial court that the two year period of a failure to communicate must occur immediately before the execution of the will.[6]

CONCLUSION
We agree with the trial court that Ms. Bortnick's preparation and personal delivery of a casserole to her father constituted a communication; however, we reject the trial court's conclusion that La.C.C. art. 1621(12) can only be interpreted as requiring the two years of no communication to occur immediately before the execution of the will. After a thorough examination of the record, we note it lacks sufficient evidence for us to determine if Ms. Bortnick communicated with her father at least every two years prior to the time that the will was executed. Accordingly, we must vacate the judgment and remand this case to the trial court for a determination of whether or not two consecutive years ever elapsed between communications by Ms. Bortnick with her father that occurred before the will was executed. If, on remand, Ms. Bortnick can meet her burden of proving communication with her father at least every two years, the disinherison provision shall be properly deemed invalid. If Ms. Bortnick cannot show that she communicated with her father at least every two years, she must establish that her failure to communicate was with just cause or that she reconciled with her father after the passage of the most recent two year period wherein she failed to communicate without just cause. Costs of this appeal are assessed equally to Joseph M. Gruce, Jr., and Eleanor Bortnick.
JUDGMENT VACATED; REMANDED TO TRIAL COURT.
KUHN, J., dissents and assigns reasons.
KUHN, Judge, dissenting
One issue in this case is whether delivery of a casserole to a parent on one occasion is a "meaningful communication." The parent-child relationship has existed for thousands and thousands of years. There should be no moral or legal precept which could accept delivery of a chicken casserole as being meaningful communication between parent and child. From whose view was this meaningful, the parent or the child? Could a child reasonably suggest that this is meaningful communication? I would enforce the disinherison provision of the will.
NOTES
[1] Judge Carl A. Guidry, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note that the Succession filed a brief as an appellee. However, the arguments raised by the Succession in "Appellee's Response to Brief of Appellee, Eleanor Bortnick," are not properly before us for three reasons. First, the Succession did not file an appeal, and thus, is not an appellant. Second, as an appellee, the Succession is seeking a reversal of the trial court judgment which an appellee is not entitled to do unless he first files an answer to the appeal, which the Succession did not do. La.C.C.P. art. 2133. Third, rule 2-12.6 of the Louisiana Uniform RulesCourts of Appeal, allows an appellant to file a reply brief if he has timely filed an original brief. Any further briefs may only be filed with leave of court. The Succession does not qualify as an appellant and did not obtain leave of court before filing its response brief. However, we note that the arguments raised in the response brief were virtually the same as those raised in the appellant's original brief.
[3] The will referred to Joseph M. Gruce, Jr., as Joseph M. Gruce, II. However, affidavits were submitted by Joseph M. Gruce, Jr. and another relative of the testator at the trial court level to establish that Joseph M. Gruce, Jr. was the same person as Joseph M. Gruce, II.
[4] In the original will, Eleanor was misspelled "Elanor," but the testator manually corrected the spelling and initialed his correction.
[5] In Steckler, the testator executed a will two years and one month after the effective date of the 1985 amendments to the disinherison articles. One of the issues was whether any failure to communicate that occurred before the twelfth ground for disinherison became effective could be used to establish that the twelfth ground existed. The specific issue of whether the two years without communication had to immediately precede the execution of the will was not directly before the court. However, this issue was indirectly before the court insofar as the court had to decide if action or inaction that occurred before the effective date of the twelfth disinherison ground could be considered in establishing the new ground for disinherison. If the court believed that the only relevant period was the two years immediately before the execution of the will, it would not have had to decide the retroactivity issue.
[6] Ms. Bortnick contends that the jurisprudence interpreting La.Ch.C. art. 1245 supports the trial court's conclusion that the relevant two year period is that immediately preceding the execution of the will. The basis of this contention is the similarity between La.C.C. art. 1621(12) and La.Ch.C. art. 1245 regarding the passage of two years without communication. However, we did not find any jurisprudence that interprets this intra-family adoption provision as requiring that the two year period without communication immediately precede the filing of the petition for adoption. Specifically, and contrary to Ms. Bortnick's assertion, this exact issue was not addressed in Adoption of Dore, 469 So.2d 491 (La. App. 3rd Cir.1985), wherein the court was only concerned with whether or not the trial court correctly concluded that no communication occurred during the two years immediately preceding the filing of the adoption petition. The court did not find that the relevant period concerning the alleged failure to communicate was the two year period immediately preceding the filing of the adoption petition. Thus, we reject this contention by Ms. Bortnick.