| PICKETT, Judge.
Pamela Gray Williams and Michelle Gray, daughters of the decedent, appeal the trial court’s judgment dismissing their opposition to the probate of Ernest Felton Gray’s last will and testament. In the original opposition the appellants attacked the will on several grounds. However, in this appeal the only issue before this court concerns the provision of the will which disinherits Pamela Gray Williams and Michelle Gray for failing to communicate with the decedent for two years. For the following reasons, we affirm the trial court’s judgment.
The last will and testament of Earnest Felton Gray was executed on May 23,1994 and contained the following provision:
I hereby disinherit my daughter, Pamela Gray Williams, who is an adult, as provided by Article 1617, 1618, 1619 and Article 1621, paragraph 12, because she has known how to contact me but has failed to do so without just cause and for a period of over two years.
*904 The will contained an identical provision disinheriting Michelle Gray.
The testator then died on September 15, 1994. On October 10, 1994, Lamar Allen and Dorothy Elizabeth Allen, legatees of Earnest Felton Gray’s estate, filed the petition for probate of the will. The trial court’s ruling on Pamela and Michelle’s opposition to that probate forms the cause of this appeal.
|2La.Civ.Code art. 1621 states in pertinent part:
The just causes for which parents may disinherit their children are twelve in number. There shall be a rebuttable presumption as to the facts set out in the act of disinherison to support these causes. These causes are, to wit:
[[Image here]]
12. If the child has known how to contact the parent, but has failed without just cause to communicate with the parent for a period of two years after attaining the age of majority, except when the child is on active duty in any of the military forces of the United States.
Louisiana Civil Code art. 1624 imposes the requirement on the testator to express in the will the reason for disinheriting the heir and it imposes the burden on the disinherited forced heir to prove that the cause stipulated for the disinherison did not exist. Succession of Steckler, 95-227 (La.App. 5 Cir.11/28/95); 665 So.2d 561. Therefore, in order for the decedent’s daughters to invalidate their disinheritance, they must rebut the presumption by a preponderance of the evidence that a two year period did not exist between their age of majority and the date of the will that they knew of their father’s whereabouts and failed to communicate. Succession of Gruce, Sr., 96-0288 (La.App. 1 Cir. 11/8/96); 683 So.2d 362. In the alternative, they must show that such failure to communicate was with just cause. Succession of Cure, 633 So.2d 590 (La.App. 1 Cir.1993).
The trial court found that the opponents of the will failed to rebut the presumption that the facts recited in the will as the reason for disinherison are true and failed to show just cause in doing so. It is a settled principle of law that when there is evidence presented to the trial court which, upon its reasonable evaluation of credibility, supplies a reasonable factual basis for its finding, on review the appellate court will not disturb this factual finding in the absence of manifest error.
hThe relationship between the decedent and his daughters became estranged in 1989 when Mr. Gray moved to Rogers, Louisiana. The trial testimony indicates that both daughters at one time or another since that time attempted to communicate with their father. Pamela testified to having stopped on the road when she saw her father and talked. She also saw her father at the post office located in Trout, Louisiana and the Belah grocery. All of these meetings were corroborated by witnesses. Both daughters visited Mr. Gray while he was in the VA hospital in Shreveport, Louisiana, in the summer of 1993. Both daughters testified to having tried to visit their father but were turned away by Mr. Gray’s refusal to speak with them.
The trial court’s reasons for judgment states that these “one or two visits” did not constitute communication within the meaning of Article 1621(12). On this point, we must disagree with the trial court. Actions taken to satisfy “communication” by the Louisiana courts could be characterized as trivial. The sending of two Christmas cards and a birthday card within a two year period as been accepted as a sufficient communication under Article 1621(12). Succession of Steckler, 665 So.2d 561. In Steckler, the court when on to state “the only qualitative standard imposed on the communications ... is that it must be respectful and made know or conveyed to the parent.” Id. at 565. In Succession of Gruce, 683 So.2d at 366, the court found the “preparation and personal *905 delivery of a casserole” by the party that the will disinherited to be a sufficient communication. In both Steckler and Grace, it was noted that Article 1621(12) does not require the parent to respond to the communication.
Reviewing the testimony in light of the jurisprudence, we must conclude that actions by the daughters did constitute communications for the purposes of Article 1621(12). However, the parties must show by a preponderance of the evidence that |4two years had not elapsed between these communications. The evidence produced by Pamela Gray Williams and Michelle Gray as to the times of these encounters is sparse. The only dates offered since 1989 were when both of the daughter visited their father in the hospital in 1993 and by the testimony of decedent’s sister, Helen Sargent, stating she saw Pamela communicate with her father at the Belah grocery store and on White Sulphur Road in 1994. Therefore, we find that Pamela Gray Williams and Michelle Gray did not carry their burden of proof in rebutting the statement of fact as to why these parties were disinherited.
Opponents of the will contend that any failure to communicate with their father was due to just cause. Both daughters point to incidents in which they attempted visits at their father’s home in Rogers, Louisiana, and Mr. Gray told them to leave. Pamela testified, which was corroborated by witnesses, that attempts to speak with her father at other locations than his home were similarly met.
Decedent’s daughters point to Succession of Bertaut, 572 So.2d 142 (La.App. 1 Cir.1990), writ denied, 573 So.2d 1111 (La.1991), in support of their contention that their failure to communicate was with just cause. In Bertaut, the decedent left his family when one son was only two years old and the other was still in útero. He then moved to Baker, Louisiana, quickly remarried and started a new life. During the next fifty years Mr. Bertaut met with his children on very few occasions, and most of those meetings were not initiated by Mr. Bertaut. The court found that “Mr. Bertaut did not seek to establish any type of meaningful relationship with his sons.” Id. at 147. The court felt that situation was not an ordinary one in which the aims of Article 1621, to encourage strong family ties, could not be achieved.
This court is in accord with the trial court and legal scholars who feel that in ordinary situations La.C.C. art. 1621(12) places the burden of making the effort to communicate on the child. However, we do not think that a child must attempt to communicate with his parent when this |5attempt would be futile. If attempts by a child to communicate with his parent are futile, his failure thereafter to communicate with the parent is with just cause. A person should not be required by law to perform a vain and useless act.

Id.

The circumstances in the present case are not as extreme as in Bertaut. Though Mr. Gray did divorce Pamela and Michelle’s mother and eventually moved to Rogers and later to Nebo, the descedant and his daughters once had good parent-child relationships. Mr. Gray had even lived with one daughter for a time in the last decade. The record reveals that a disagreement within the family concerning Mr. Gray’s mother and the four attempts to prove her incompetent began the souring of this relationship. “[A]n argument that creates. strained relations with the parent should not constitute ‘just cause.’ ” Bertaut, 572 So.2d at 146, (quoting K. Spat, Successions and Donations, Development in the Law, 1984-1985, 46 La. L.Rev. 707 (1986)). Admittedly, since the decedent’s move to Rogers, the parent-child relationship was indeed strained. However, the situation was not such that an effort to communicate was futile. Pamela testified that at times she did stop to talk with her father on the side of the road. Furthermore, they did visit their *906 father while he was in the hospital in Shreveport. The evidence shows that some relationship between the decedent and his daughters did exist. Article 1621(12) places the burden on the children to maintain that relationship. After reviewing the evidence, we agree with the trial court that Pamela Gray Williams and Michelle Gray did not communicate with the decedent for a period of two years after their eighteenth birthday without just cause.
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are taxed against the appellants.
AFFIRMED.