372 So.2d 752 (1979)
Larry Ward BRASHER
v.
Lucinda Walker BRASHER.
No. 10176.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1979.
Rehearing Denied July 12, 1979.
Jacqueline Mae Goldberg, New Orleans, for plaintiff-appellant.
Dunn & Rasch, Ltd., J. Morris Dunn, III, Metairie, for defendant-appellee.
Before LEMMON, SCHOTT and GARRISON, JJ.
GARRISON, Judge.
In this suit to annul a judgment of divorce, the district court ruled in the wife's favor, setting aside the divorce judgment previously obtained by the husband. We affirm.
In July 1976, Larry Brasher filed a petition for divorce in Orleans Parish. In the petition he alleged that his wife's whereabouts were unknown. A curator was appointed, who followed the usual investigative procedures and subsequently reported that he was unable to locate Mrs. Brasher. Accordingly, a judgment of divorce in favor of Mr. Brasher was granted.
When Mrs. Brasher found out about the divorce she filed a petition to annul the judgment. She stated that there were separation and divorce proceedings already pending in Jefferson Parish at the time Mr. Brasher filed suit in Orleans, and alleged that Mr. Brasher in fact was aware of how to contact her. After a trial on the merits, the district judge concluded that Mr. Brasher had deliberately withheld information that would have assisted the curator in locating Mrs. Brasher and therefore he annulled the divorce judgment.
Our review of the record convinces us that the trial judge's conclusions are supported by the following facts:
(1) The testimony showed that Mr. Brasher's former attorney had filed suits on Mr. Brasher's behalf for both separation and divorce in Jefferson Parish. Mr. Brasher claimed not to know that suit had been filed, stating that he had dismissed that attorney for failure to communicate with him and had hired new counsel. However, Brasher had been to court several times for alimony and child support hearings. He *753 had seen and spoken to his wife's attorney in court, so he knew she was represented by counsel. He claimed not to know her attorney's full name although he admitted he knew that "Dunn" was either the attorney's first name or last name. This information should have been given to the curator.
(2) It is clear that Brasher did not know his wife's address at the time his new attorney filed suit. However, he had been sending his child support payments to his mother-in-law's former address on Gillen Street in Metairie. The testimony showed that Mrs. Brasher's mother had moved to Baton Rouge, but that Mrs. Brasher's brother and sister-in-law had moved into the Gillen Street house. Mrs. Brasher testified that she continued to have her mail sent to the Gillen Street address. Mr. Brasher had picked up his child from there when exercising his visitation rights. He must have known that his wife could be contacted through that address, although he did not know where she actually lived. That address should have been given to the curator. Instead, the curator was only advised that Mrs. Brasher's last known whereabouts were in "Metairie, Louisiana."
(3) Mr. Brasher had called Mrs. Brasher at her place of employment some time previously. Even if he was not sure she still worked there, the number should have been given to the curator.
(4) He knew that his wife commonly went by the nickname "Cindy" Brasher. There was no listing in the telephone director for "Lucinda Brasher," but there was a listing for a "Cindy Brasher." He should have advised the curator of his wife's nickname. In addition, there was other testimony to support the trial judge's conclusion.
The basic purpose of a curator ad hoc is to represent the interests of and to attempt to locate the absent defendant. However, the curator is dependent to a great extent on the information given him by the plaintiff. A plaintiff has a duty not to withhold information that would assist the curator ad hoc in locating the absent defendant. When a plaintiff deliberately withholds such information in order to obtain an uncontested judgment, this constitutes an ill practice within the contemplation of C.C.P. art. 2004, which is a ground for annulling the judgment.
Where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La. 1973). We find no manifest error in the district court's conclusions in this case. Accordingly, the judgment is affirmed.
AFFIRMED.