bREMY CHIASSON, Judge Pro Tem.
In this action, petitioner seeks to have his sister, an absentee, declared legally dead based upon a showing that no member of petitioner’s family has had any communication or correspondence with said absentee since 1983. Following the trial court’s denial of judgment, petitioner now appeals.
FACTS
In a Petition For Declaration Of Death filed on his behalf in East Baton Rouge Parish on January 23,1996, petitioner, Ralph E. Pitzel (hereafter, “Mr. Pitzel”), asserts that he is the sole sibling of Penelope Elizabeth Pitzel Boyd (hereafter, “Penelope”), an absentee. Based upon the facts as set forth by Mr. Pitzel, it appears that his sister Penelope was born in October of 1937, and last resided in East Baton Rouge Parish in 1983. According to Mr. Pitzel, Penelope left Baton Rouge in the spring of 1983 after becoming angry with her mother, the late Thelma Harriet Johnson Pitzel (hereafter, “Thelma Pit-zel”) and her brother, Mr. Pitzel, and “ran away to Dallas, Texas”. She is reputed to have been 46-years old at the time.
It is further alleged that Penelope was last employed by the Callier School for the Deaf in Dallas, Texas, and was last known to be living with one Urban Rodgers or Urban Rogers in that same city. According to the allegations of Mr. Pitzel, no member of the Pitzel family has had any contact with Penelope since her disappearance. Mr. Pitzel alleges that his mother, the late Thelma Pitzel, attempted to contact Penelope in June of 1986; however, the letter was subsequently returned. Thelma Pitzel is reputed to have died on January 14,1990, without having any further correspondence from her daughter, Penelope.
At trial, Mr. Pitzel testified that following his mother’s death, the Prudential Insurance Company tried unsuccessfully to contact Penelope or the last person she lived with in Dallas, but the pleadings allege that, “no listing of her name or the name of Urban Rodgers or Urban Rogers remains in Dallas, TX.” According to the testimony of Mr. Pit-zel, Prudential Insurance Company also attempted to contact Penelope through her last known employment with the county school for the deaf. Mr. Pitzel alleges in his pleadings that the Callier School for the Deaf purportedly has no existing record ^regarding Penelope’s employment at that institution. Mr. Pitzel testified that he personally had not made any other effort to contact his sister.[2]
The record reflects that upon motion of Mr. Pitzel, an attorney ad hoc was appointed by the court on January 26, 1996, to represent Penelope and accept service on her behalf in accordance with La.Code Civ. P. art. 5091, et seq. Following a hearing on March 12, 1997, the trial judge took this matter under advisement and thereafter rendered judgment denying Mr. Pitzel’s request to have his sister, Penelope, declared dead. Mr. Pitzel now appeals.[3]
ISSUE
The sole issue raised by Mr. Pitzel in his appeal of this matter is whether Louisiana Civil Code art. 54 sets forth a “mandatory statutory presumption” of death based upon proof by an interested party that an absentee has been missing for a period of five (5) years.
ANALYSIS AND LAW
Louisiana Civil Code art. 54 provides as follows:
One who has been an absent person for five years is presumed to be dead. Upon petition by an interested party, the court shall render judgment declaring the death of the absent person and shall determine the date on which the absence commenced and the date of death.
La. Civ.Code art. 54 was enacted in 1990, as part of a revision of Title III of Book I of the Louisiana Civil Code of 1870. Former *1109 Title III, entitled, “Of Absentees”, consisted of articles 47 to 85; however, pursuant to Acts 1990, No. 989, § 1, which became effective on January 1, 1991, this section, was revised, amended and re-enacted under a new heading entitled “Absent Persons”, and consists of articles 47 to 59.
In his brief to this court, Mr. Pitzel directs our attention to Ledet v. State, Department of Health & Human Resources, 465 So.2d 98 (La.App. 4th Cir.), writ denied, 468 So.2d 1211 (La.1985), for a discussion of Louisiana law regarding absentees prior to the revisions of 1990. As the fourth circuit observed in Ledet, former Civil Code art. 57 provided that the heirs of a person who was not at his usual place of domicile or (¡habitual residence, and who had not been heard of for five years, could be placed into provisional possession of the estate which belonged to said absentee. The court in Ledet went on to note that former Civil Code art. 60 authorized provisional possession of an absentee’s property prior to the elapse of five years “when it shall be shown that there are strong presumptions that the person absent has perished.” Ledet, 465 So.2d at 100 (quoting former La. Civ.Code art. 60). Thus, under the prior law, if there existed additional circumstances to suggest that the absentee had perished, then, the case would be governed by former art. 60 rather than by former art. 57. Id.
In Ledet, the plaintiff-appellant relied upon former Civil Code art. 70[4] to prove that his mother, an absentee, was presumed to be dead inasmuch as she had abandoned her family and had not been heard from in over twenty-five years. The court in Ledet held that the presumption of the mother’s death following ten years absence as provided by former art. 70 was applicable in deciding whether the plaintiffs deceased half-brother had “left no ... parent surviving”, and further, that the plaintiff was entitled to bring a wrongful death and survivorship action under former Civil Code art. 2315(3).[5]
In the instant case, Mr. Pitzel points out that unlike Succession of Haydel, 96-0528 (La.App. 4th Cir.12/27/96), 685 So.2d 701, writ denied, 97-0395 (La.3/2/97), 692 So.2d 395, the most recent case interpreting the revised civil code articles, the constitutional requirements designed to protect the absentee from deprivation of his property without due process of law have been complied with through the appointment of an attorney ad hoc. In Haydel, the fourth circuit annulled an earlier declaration of death on the grounds that in violation of La.Code Civ. P. art. 5091, an attorney or curator had not been appointed to represent the absentee whose death had been declared.
Following a review of both the law and the record in this matter, we agree with Mr. Pitzel that La.Code Civ. P. art. 5094 requires only that an attorney ad hoc appointed feto represent an absentee use “reasonable diligence” to locate and inform him of the pen-dency of the action against him. The appointed attorney testified that he tried to locate Penelope through the telephone book in Dallas, Texas, the city of her last known residence. The attorney further testified that he also placed a missing person ad in The Dallas Morning News on June 19, 20 and 21, 1996, as well as The Advocate in Baton Rouge on June 23, 24 and 25, 1996. Copies of these ads were introduced as exhibits at trial.
In light of the foregoing, we conclude that the trial judge erred in denying Mr. Pitzel’s petition for a declaration of death based upon the showing made. While we concede that the trial judge was correct in his belief that an effort to locate Penelope in cities other than Dallas fhight have been more successful, and that the assistance of a private investigator would be helpful, it is our belief that such lengths exceed the “reasonable diligence” mandated under La.Code Civ. P. art. 5094 *1110 and while desirable, are not required. Should Penelope subsequently reappear and wish to assert her rights, the codal scheme provides that she may attempt to recover her property or the net proceeds.
Accordingly, we reverse the judgment of the trial court which dismissed Mr. Pitzel’s suit, and hereby declare the absentee, Penelope Elizabeth Pitzel Boyd to be legally dead based upon the showing made by Mr. Pitzel. Inasmuch as La. Civ.Code art. 54 requires that we also determine the date her absence commenced as well as the date of her death, we conclude that based upon the record before us, Penelope’s absence commenced when she left Baton Rouge, her last known domicile no later than June 1, 1983. We further conclude that her legal death occurred five years thereafter on June 1,1988.
Inasmuch as there is no other party in this matter, all costs associated with this appeal are assessed against petitioner-appellant, Ralph E. Pitzel.
REVERSED AND RENDERED.

. It is unclear from the record exactly what Mr. Pitzel did, aside from the filing of this lawsuit, to try and contact his sister.

. It should be noted that the attorney ad hoc appointed to represent Penelope has not answered the appeal of Mr. Pitzel, nor has he filed a brief in this matter.

. Former La. Civ.Code art. 70 provided:
If the absence has lasted ten years a presumption of death shall follow and the known heirs of the absentee may petition the court and cause themselves to be put in absolute possession of the property and estate of the absentee by the judge, and thereafter deal with such property as the absolute and unconditional owners.

. The provisions in question formerly found under La. Civ.Code art. 2315 are now provided for under La. Civ.Code art. 2315.1.