806 So.2d 945 (2002)
George W. BUMGARDNER, Plaintiff-Appellant,
v.
TERRA NOVA INSURANCE COMPANY LIMITED, and David L. Bumgardner, Defendants-Appellees.
No. 35,615-CA.
Court of Appeal of Louisiana, Second Circuit.
January 23, 2002.
Rehearing Denied February 21, 2002.
*947 Lynn E. Estes, Jr., Shreveport, Counsel for Appellant.
Walter C. Dunn, Jr., Monroe, Counsel for Defendant Appellant, David L. Bumgardner.
Diana L. Tonagel, Metairie, Counsel for Defendant Appellee, Terra Nova Ins. Co. Ltd.
Before WILLIAMS, STEWART and CARAWAY, JJ.
STEWART, Judge.
The trial court granted summary judgment in favor of the defendant, Terra Nova Insurance Company, Ltd., ("Terra Nova"), upon finding that the claims of George F. Bumgardner, the plaintiff, were excluded from coverage by the terms and conditions of the homeowners insurance policy in favor of David Bumgardner, who is also defendant herein. Both the plaintiff and the insured, David Bumgardner, appeal the grant of summary judgment. We find that the policy excludes coverage for the plaintiff's claims and affirm.

FACTS
George Bumgardner filed suit for damages naming his uncle David Bumgardner and David's insurer, Terra Nova, as defendants. The suit was filed after George was injured while helping David plant beans on March 28, 1999. According to George's petition, David was driving a "thirty-two (32) horsepower Kubota Farming Tractor with a Sidewinder Tiller attachment." David asked George to stand on top of the tiller. George did so, and within seconds of David engaging the tiller, a sheer pin on the tiller caught George's sock causing severe injury to his foot and ankle. The garden where the accident took place was located on property owned by David's neighbor.
After answering the petition, Terra Nova filed a motion for summary judgment asserting that the homeowners policy insuring David did not provide coverage for the claims presented. Terra Nova presented two grounds for its motion. First, it relied on a coverage exclusion for bodily injury arising out of the ownership, use, and maintenance of motor vehicles and motorized land conveyances. Second, it alleged material misrepresentations made by David when obtaining the insurance as a basis for denying coverage under the policy. Terra Nova's motion was opposed by both David and George. They argued that, under the terms of the policy, the exclusion relied upon by Terra Nova did not apply to vehicles and conveyances which are not subject to motor vehicle registration and which are used to service the insured's residence. The trial court denied the motion for summary judgment as it pertained to alleged material misrepresentations by David when obtaining the insurance, but granted the motion on the basis of the exclusion asserted by Terra Nova. Judgment was rendered dismissing all claims by the plaintiff against Terra Nova. This appeal by George and David followed.

DISCUSSION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Crocker v. Roach, 33,507 (La. App.2d Cir.8/23/00), 766 So.2d 672, review denied, 00-2684 (La.11/17/00), 774 So.2d 983. The burden of proof is on the mover. *948 La. C.C.P. art. 966(C)(2); Ebarb v. Guinn Brothers, Inc., 31,426 (La.App.2d Cir.1/20/99), 728 So.2d 487. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). Appellate review of a summary judgment is de novo, utilizing the same criteria that guide the trial court's grant of summary judgment. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191; Crocker v. Roach, supra.
The interpretation of an insurance contract is usually a legal question which can be properly resolved by means of a motion for summary judgment. Davis v. American Heritage Life Insurance Company, 35,153 (La.App. 2d Cir.10/31/01), 799 So.2d 705; Crocker v. Roach, supra. However, summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180; Davis v. American Heritage Life Ins. Co., supra; Crocker v. Roach, supra.
An insurance policy is a contract between the parties and should be interpreted by using ordinary contract principles. Blackburn v. National Union Fire Insurance Co. of Pittsburgh, 00-2668 (La.4/03/01), 784 So.2d 637; Smith v. Matthews, 611 So.2d 1377 (La.1993); Crocker v. Roach, supra. The parties' intent, as reflected by the words of the policy, determines the extent of coverage. Reynolds v. Select Properties, Ltd., supra. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. In such cases, the insurance contract must be enforced as written. Peterson v. Schimek, 98-1712 (La.3/02/99), 729 So.2d 1024. Words and phrases used in a policy are to be construed using their plain, ordinary, and generally prevailing meaning, unless the words have acquired a technical meaning. La. C.C. art. 2047; Reynolds v. Select Properties, Ltd., supra.
Insurance companies may limit coverage in any manner they desire, so long as the limitations do not conflict with statutory provisions or public policy. Reynolds v. Select Properties, Ltd., supra; Crocker v. Roach, supra. However, exclusionary provisions in insurance contracts are strictly construed against the insurer, and any ambiguity is construed in favor of the insured. Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96), 665 So.2d 1166, modified on other grounds, 95-0809 (La.4/18/96), 671 So.2d 915; Crocker v. Roach, supra. The burden is on the insurer to prove that a loss comes within a policy exclusion. Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So.2d 1250 (La. 1993).
The policy language at issue is included in a homeowners policy issued by Terra Nova to David and is found in "SECTION IIEXCLUSIONS" in the liability coverages portion of the policy. The portions of the exclusion pertinent to the matter before us provide as follows:
1. Coverage EPersonal Liability and Coverage FMedical Payments to Others do not apply to bodily injury or property damage:
* * *
e. arising out of:

*949 (1) the ownership, maintenance, use, loading, or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
* * *
This exclusion does not apply to:
* * *
(4) a vehicle or conveyance not subject to motor vehicle registration which is:
(a) used to service an insured's residence;
(b) designed for assisting the handicapped; or
(c) in dead storage on an insured location.
Terra Nova's argument in its motion for summary judgment and on appeal is that coverage was excluded by this provision because the accident arose out of the ownership and use of a motor vehicle or motorized land conveyance owned and operated by the insured. The argument put forth by George and David is that the exception to the exclusion applies because the tractor was not subject to motor vehicle registration and was used to service the insured's residence.
There is no issue as to whether the tractor qualifies as a motor vehicle or conveyance or as to the fact that it was not subject to registration. The coverage exclusion relied on by Terra Nova applies unless the tractor was "used to service an insured's residence." At the time of the accident, the tractor was not located at the insured's residence. Instead, the tractor was being used to plant beans on land owned by David's neighbor, Lamar White. White's property is adjacent to land owned by the insured. According to David's deposition testimony, he had a "friendship deal" with White to garden on his property. George and David do not contend that the tractor was being used to service the insured's residence when the accident occurred. Instead, they contend that because the tractor was used by the insured to service his residence whenever needed, there is coverage under the exception to the motor vehicle exclusion.
In his deposition, excerpts of which were offered in support of and in opposition to the motion for summary judgment, David explained that he purchased the tractor in the early 1990's to use in whatever way needed. He used it to grow vegetables in the garden located on White's property where the accident occurred. He also used it to rake and roll hay for different people. Even though he derived income from this activity, he described the hay operation as a hobby. When questioned about his use of the tractor to service his own residence, David could not say how many times he used it on his own property and could not recall any particular instance when he did so. However, he did believe that he used it to till a flower bed for his wife in their front yard. David did admit that he "mostly" used the tractor away from his own property.
The record shows that the tractor owned by David is used for activities away from the insured's residence. In fact, David could hardly recall an instance of use to service his own residence. We do not believe that the exception to the exclusion can be so broadly construed to provide coverage for an accident that did not occur on an insured location and that involved a vehicle or conveyance that is rarely, if ever, used to service the insured's residence simply because the insured may have used it at one time to do so. If such a broad construction were applied to the exception, then the motor vehicle exclusion would have no applicability to vehicles or conveyances not subject to motor vehicle *950 registration so long as the insured claimed that he used the vehicle to service his residence at least one time. Such a claim would not be subject to verification by the insurer and would extend the coverage beyond that provided by the clear and unambiguous language of the policy and beyond what was intended by the parties.
We do not find the policy language to be ambiguous, nor do we find any reasonable interpretation under which coverage could be afforded in light of the undisputed material facts shown by the evidence in this matter. Accordingly, summary judgment in favor of Terra Nova is appropriate.

CONCLUSION
For the reasons mentioned, the judgment of the trial court dismissing the claims of the plaintiff, George Bumgardner, against Terra Nova is affirmed at appellants' cost.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, CARAWAY, PEATROSS, and KOSTELKA, JJ.
Rehearing denied.