813 So.2d 625 (2002)
Vernie A. McGEE
v.
STATE of Louisiana through the DEPARTMENT OF TRANSPORTATION & DEVELOPMENT.
No. 2000 CA 2706.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*626 Thomas J. Hogan, Jr., Hammond, for Plaintiff-Appellant Vernie A. McGee.
David P. Bendana, Stefanie J. Allweiss, Edward F. Harold, New Orleans, for Defendant-Appellee State of Louisiana, Through the Department of Transportation and Development.
Before: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
PARRO, Judge.
Vernie A. McGee appeals a summary judgment in favor of his employer, the Louisiana Department of Transportation and Development (DOTD), based on the court's finding that he could not satisfy his burden of proof that racial discrimination against black employees was the reason for DOTD's decisions to deny him certain promotions. For the reasons assigned, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
McGee has been employed with DOTD since 1981, and has permanent status in the state civil service as Highway Foreman I, Gang 550, District 62. According to his petition, DOTD has a history of racial discrimination against blacks and was the defendant in a federal lawsuit filed in 1987 concerning its recruitment, hiring, assignment, promotion, qualifications, tests, and selection standards. That suit was settled by a consent decree, which set up certain procedures to provide greater opportunities to black applicants and employees. According to McGee's petition, his promotion to his present position in 1989 was a direct result of this consent decree.
In April 1996, DOTD announced an opening for Parish Highway Maintenance Superintendent, a position supervising the four foremen on Gang 550 in District 62. McGee applied for this position and was rejected in favor of a white employee on May 23, 1996. McGee applied for another vacancy, that of Highway Foreman II in *627 Gang 710, District 62, and was again rejected in favor of a white employee on June 12, 1996. Both of these jobs were interim positions for temporary details of six months, and were re-posted for the permanent appointments in November 1996. McGee did not apply for either of the permanent appointments.
On July 11, 1997, McGee filed a lawsuit in the Twenty-First Judicial District Court, complaining of being denied these promotions as a result of race discrimination. The lawsuit was dismissed without prejudice on January 15, 1999, for failure to serve DOTD.[2] In the meantime, on February 24, 1998, McGee had filed a complaint against DOTD in the United States District Court for the Middle District of Louisiana. The federal suit was dismissed on DOTD's motion for summary judgment. The decision was affirmed by the United States Fifth Circuit Court of Appeals in an unpublished opinion.
McGee filed this lawsuit in the Twenty-First Judicial District Court on March 24, 1999. DOTD filed a motion for partial summary judgment in August 1999, alleging McGee's claims regarding the Parish Highway Maintenance Superintendent interim position were prescribed, because he did not file suit within one year after being notified of his rejection. McGee did not oppose the motion and on November 2, 1999, the court signed a consent judgment granting DOTD's motion for partial summary judgment on this issue.
DOTD then filed a motion for summary judgment regarding the decisions on the two permanent appointments and the Highway Foreman II interim position. The court ruled that because McGee never applied for the permanent appointments, he could not prevail on those claims. Regarding the Highway Foreman II interim position, DOTD argued, and the court agreed, that McGee did not demonstrate that he could carry his burden of proving he was clearly better qualified than the white employee who was selected for the position. Therefore, the court granted DOTD's motion as to both permanent appointments and the Highway Foreman II interim position, dismissed his suit with prejudice, and denied McGee's motion for new trial. This appeal followed.

DISCUSSION

Parish Highway Maintenance Superintendent Interim Position
McGee's first three assignments of error basically allege that his related claims of employment discrimination constitute a "continuing violation," as that has been defined in employment discrimination jurisprudence, and therefore, his claim regarding the Parish Highway Maintenance Superintendent interim position was not prescribed. McGee relies on the case of King v. Phelps Dunbar, L.L.P., 98-1805 (La.6/4/99), 743 So.2d 181, in which the Louisiana Supreme Court found that a pattern of racial discrimination in the work-place had created a hostile environment that continued beyond an initial unfavorable evaluation while the plaintiff continued to work. Because of this continuing violation, the one-year prescriptive period on the plaintiffs claim of racial discrimination did not commence until he was forced to tender his resignation. The case before us differs from the King situation in many ways, the most significant difference being that a consent judgment was rendered concerning McGee's claim. There was no similar adjudication in King. DOTD argues that McGee acquiesced in the dismissal of this claim and cannot now challenge this decision.
*628 Louisiana Code of Civil Procedure article 2085 states that an appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. The judgment signed by the court, granting DOTD's motion for partial summary judgment on the grounds that McGee's claim to the interim position of Parish Highway Maintenance Superintendent had prescribed, was a consent judgment to which both parties agreed. As such, it cannot be appealed. See Guidry v. Sothern, 98-1152 (La.App. 1st Cir.5/14/99), 734 So.2d 928. The trial court's ruling was correct.

Parish Highway Maintenance Superintendent and Highway Foreman II Permanent Appointments
Louisiana courts have looked to federal jurisprudence to interpret Louisiana discrimination laws. Bustamento v. Tucker, 607 So.2d 532, 538 n. 6 (La.1992); King, 743 So.2d at 187. One of the elements that a plaintiff must prove to establish a prima facie case of racial discrimination in employment is that he applied for a job for which the employer was seeking applicants. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). On a motion for summary judgment, if the moving party will not bear the burden of proof at trial on the matter before the court on the motion, the moving party must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment must be granted. LSA-C.C.P. art. 966(C)(2).
McGee acknowledged that he did not apply for either of the two permanent appointments when those were re-posted in November 1996. However, he argues that to do so would have been a "vain and useless act," because it was common knowledge that the employees who filled the interim positions always got the permanent appointments. DOTD counters that McGee presented no evidence to support his subjective belief that a permanent appointment always went to the employee who had held the interim position for six months. The record supports this observation; no evidence was submitted in support of this argument. In fact, McGee acknowledged in a deposition that other employees who had not received the interim positions apparently did not share his pessimism, because several of them applied for the permanent appointments when those were posted.
More troubling to this court is McGee's evidence in support of his contention that for him, a black man, to apply for those permanent positions was a "vain and useless act," because Maurice Jordan, who had the ultimate authority in promotion decisions, never would have promoted a black man to this supervisory level. Munir Qasim, who reported directly to Jordan, said in deposition testimony that Jordan had initiated frivolous disciplinary investigations against McGee, had removed Qasim from the decision-making process for McGee's promotions to make sure Qasim would not promote McGee, and had demonstrated in other ways his dislike of blacks and his reluctance to hire or promote them. We do not agree with DOTD that this evidence is merely Qasim's subjective belief. Qasim worked with Jordan for years and was in a position to know from his accumulated experience whether racial animus entered into Jordan's employment decisions.
*629 In further support of his argument, McGee claims that after the interim position of Parish Highway Maintenance Superintendent had been filled, his new supervisor in that position threatened him with a three-day suspension as a result of an altercation that occurred on November 18, 1996. Because McGee knew that under civil service rules, he would not be eligible for any promotion if he had a three-day suspension, he knew that it would be a "vain and useless act" to apply for the permanent appointments.[3]
However, we have found no employment discrimination cases in which the essential element of applying for a position was excused by a court because such an application would have been a "vain and useless act." The argument begs the question. To prove that racial discrimination motivated the employer's denial of a person's application for a job, one must first apply for that job. For there to be a denial, there must first be a request. Were this not an element of the cause of action, anyone who believed himself to be a victim of racial discrimination in employment could claim that the general atmosphere of racism in a particular workplace precluded his application for a job or promotion. An employer would be subject to such a claim even if the employer never knew the claimant had an interest in the position. Even if McGee was correct in his evaluation that his chances of getting the permanent appointments under these circumstances were nil, he still had to apply for the jobs in order to bring an action complaining that he was denied those promotions as a result of racial discrimination.
DOTD pointed out to the court in its motion that McGee could not satisfy this essential element of his cause of action. The court did not err in disregarding his direct evidence of discriminatory animus in this context, and summary judgment regarding the permanent appointments was appropriate.

Highway Foreman II Interim Position
McGee claims the court erred in holding him to a burden of proving he was "clearly better qualified" for the Highway Foreman II interim position, when the evidence showed the employee who received that promotion was not even eligible for consideration due to his attendance record. DOTD argues that the person who was selected to fill the position as supervisor over Gang 710 was eligible under its criteria and was better qualified for the job by virtue of his experience, which included working in that gang for years and serving as "acting supervisor" of the gang a number of times when the foreman was ill or absent for any reason. He was also more familiar with the operations and equipment used in performing its duties, which were more specialized than the work performed by Gang 550 where McGee had worked. Therefore, DOTD contends, there was a legitimate, nondiscriminatory reason for its decision, and McGee failed to produce factual support that he was "clearly better qualified" for the position, which he would have to establish at trial in order to show that DOTD's stated reason for rejecting his application was pretextual.
With reference to the Highway Foreman II interim position, McGee met the criteria for a prima facie case, in that he is a member of a minority racial group, he applied and was qualified for the job, he was rejected, and a non-minority was promoted to the position. See McDonnell Douglas Corp., 411 U.S. at 802, 93 S.Ct. 1817. Therefore, in support of its motion for summary judgment, DOTD had to rebut the presumption of discrimination by *630 producing evidence that McGee was rejected, or someone else was preferred, for a legitimate, nondiscriminatory reason. See LaBove v. Raftery, 00-1394 (La.11/28/01), 802 So.2d 566, 573. DOTD met that burden by producing evidence that the person who was promoted had worked for DOTD longer than McGee, that he had more supervisory experience than McGee, and that his experience and qualifications were more directly related to the position. At that point, in order to defeat the motion for summary judgment, McGee had to show that DOTD's stated reason for rejecting him for the position was in fact pretext. See McDonnell Douglas Corp., 411 U.S. at 804, 93 S.Ct. 1817. In Scott v. Univ. of Mississippi, 148 F.3d 493, 508 (5th Cir.1998), the United States Fifth Circuit Court of Appeals stated that the plaintiff could take his case to a jury by producing evidence that he was "clearly better qualified" than the person selected for the position. McGee did not produce such evidence in this case, and the trial court was correct in so finding.
Additionally, based on the evidence in the record, we reject McGee's contention that the person selected for the job was not eligible due to his attendance record. McGee's evidence fell short of showing that DOTD's promotion policies did, in fact, define the eligibility criteria for promotion such that, given the evaluation comments for the man who obtained the position, that person was not eligible for the Highway Foreman II interim position. Once the burden shifted to McGee to establish pretext, he had to produce factual support sufficient to establish that he would be able to satisfy his evidentiary burden of proof at trial on this issue. See LSA-C.C.P. art. 966(C)(2). Because he failed to do so, there was no genuine issue of material fact and summary judgment was appropriate.

CONCLUSION
The judgment of the trial court is affirmed, and all costs of this appeal are assessed to McGee.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired from the Eighteenth Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] See LSA-R.S. 13:5107.
[3] Ultimately, no such disciplinary action was taken.