| ¡.PETTIGREW, J.
In this case, plaintiff appeals the trial court’s judgment granting a motion for summary judgment based on its finding that the defendant fully complied with her duties as curator. For the following reasons, we affirm.
FACTS
Carl D. Wright was a defendant in a petition for executory process filed by the Bank of West Baton Rouge on October 17, 2000. After service of the notice of seizure and motion to appoint an appraiser was returned as unable to locate, the attorney for the Bank of West Baton Rouge, John D. Brady, filed a motion to appoint a curator on December 6, 2000. Attorney Janet Waguespack was appointed as curator for Wright on December 8, 2000. On January 23, 2001, Waguespack was served with the petition for executory process and order appointing her curator, which notified her of Wright’s last known address.
Waguespack was notified that Wright’s last known address was 13077 Perkins Road, Norwood, Louisiana 70722, and that Wright had four other properties located in Baton Rouge, Louisiana. On March 22, 2001, Waguespack mailed a certified letter, return receipt requested, to each address provided. All letters were returned unclaimed. The sheriffs sale was set for April 4, 2001.
On April 3, 2001, attorney Pamela Ma-gee sent a letter to the Foreclosure Department of the East Baton Rouge Sheriffs Office on behalf of Wright seeking to have the sheriffs sale stopped. Subsequently, on April 4, 2001, attorney Charles Blaize, Jr. filed an injunction seeking to prohibit the sheriffs sale of Wright’s property. According to the record, this injunction was granted upon Wright’s posting bond, which Wright failed to do. Thus, the sheriffs sale proceeded.
Waguespack was contacted by Brady and informed that Wright was being represented by Garth Ridge. Waguespack contacted Ridge and requested Wright’s current address. Ridge indicated he could not provide her with that information, but if she would forward the petition to him, he would forward it to Wright. Wagues-pack mailed the petition, certified mail, return receipt requested on April 26, 2001. | ¡.Waguespack then received a letter from Ridge stating that he no longer represented Wright, but had forwarded the information to Wright. By letter dated April 27, 2001, Ridge forwarded the petition to Wright’s new attorney, Stephen J. Holli-day.
On August 13, 2001, Wright filed suit against Waguespáck. Wright alleged that Waguespack violated La.Code Civ. P. art. 5094 when she failed to use reasonable diligence to communicate with him and inform him of the pendency and nature of the petition for executory process and of the time available for the filing of an answer or the assertion of a defense. Wright argued that Waguespack’s failure to use reasonable diligence resulted in a denial of - his constitutional due process rights and prevented him from enjoining the seizure and sale of his property.
Thereafter, Waguespack filed a motion for summary judgment on her own behalf. In support of her motion, Waguespack introduced evidence reflecting what steps she had taken to locate Wright to'inform him of the action. After considering Wag-uespack’s motion, the trial court rendered judgment on December 28, 2001, granting the motion for summary judgment and *438 dismissing Wright’s claim with prejudice. In oral reasons for judgment, the trial court found “clearly on the face of the submissions that Ms. Waguespack fully complied with her duties as curator.” It is from this judgment that Wright has appealed.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La.Code Civ. P. art. 966(A)(2).
|4The initial burden of proof remains with the mover and is not shifted to the non-moving party until the mover has properly supported the motion and carried the initial burden of proof. Only then must the non-moving party submit evidence showing the existence of specific facts establishing a genuine issue of material fact. See Scott v. McDaniel, 96-1509, p. 5 (La.App. 1 Cir. 5/9/97), 694 So.2d 1189, 1191-1192, writ denied, 97-1551 (La.9/26/97), 701 So.2d 991. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. Code Civ. P. arts. 966 and 967.
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Walker v. Phi Beta Sigma Fraternity (RHO Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
Louisiana Code of Civil Procedure Article 5094 provides:
When an attorney at law is appointed by the court to represent a defendant who is a nonresident or an absentee, the attorney shall use reasonable diligence to communicate with the defendant and inform him of the pendency and nature of the action or proceeding, and of the time available for the filing of an answer or the assertion of a defense otherwise.
The basic purpose of a curator ad hoc is to represent the interests of and to attempt to locate the absent defendant. Brasher v. Brasher, 372 So.2d 752, 753 (La.App. 4 Cir.1979). Black’s Law Dictionary defines “reasonable diligence” as the “fair degree of diligence expected from someone of ordinary prudence under circumstances like those at issue” and “due diligence” as the “diligence reasonably expected from, and ordinarily exercised by a person seeking to satisfy a legal requirement or to discharge an obligation.” Blacks Law Dictionary 468 (7th ed.1999).
In opposition to Waguespaek’s motion for summary judgment, Wright submitted an affidavit, dated November 13, 2001, indicating that his address for over a year prior | ¡¡to the execution of the affidavit was 13077 Perkins Road, Norwood, Louisiana 70761. Wright also argues that he never received anything at the address reflected *439 on his collateral mortgage note, RTE. 1 Box 62M, Norwood, LA 70722.
According to the record, Waguespack sent certified letters regarding the petition for executory process to Wright at the four addresses of the property he owned in East Baton Rouge Parish, and to 13077 Perkins Road, Norwood, Louisiana 70722, the address that was given to her as Wright’s last known address. It appears that when Waguespack was notified of Wright’s last known address, it contained the improper zip code.
If reasonable diligence is to be measured with reference to the particular circumstances, then we note that Wagues-pack was not given the proper information with which to successfully contact Wright. There are two cases addressing whether a curator exercised due diligence. In Leidig v. Leidig, 187 So.2d 201, 202 n. 1 (La.App. 3 Cir.1966), the court noted that a curator who sent an absentee a certified letter at the absentee’s last known address as given by the petition had performed his duties conscientiously. In In re Boyd, 98-0052, p. 5 (La.App. 1 Cir. 12/28/98), 723 So.2d 1107, 1109-1110, an attorney appointed to represent an absentee tried to locate the absentee through the telephone book in the city of her last known address. The attorney also placed a missing person ad in the newspaper of the city of the absentee’s last known address and in the city where the action had been filed. This court found that such actions met the reasonable diligence mandated under La.Code Civ. P. art. 5094.
Considering the circumstances and information available to Waguespack, we find that her actions of sending certified letters to the last known address she was provided and the addresses of Wright’s other property in East Baton Rouge Parish met the standard of reasonable diligence. Accordingly, the trial court properly granted Waguespack’s motion for summary judgment.
Even assuming that Waguespack’s efforts did not meet the standard of reasonable diligence, summary judgment would still be warranted. On a motion for | (¡summary judgment, if the moving party will not bear the burden of proof at trial on the matter before the court on the motion, the moving party must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial, there is no genuine issue of material fact and summary judgment must be granted. La. Code Crim. P. art. 966(C)(2); McGee v. State Department of Transportation & Development, 2000-2706, p. 4 (La.App 1 Cir. 3/28/02), 813 So.2d 625, 628. In this case, Wright has failed to offer sufficient evidence to prove that Waguespack’s alleged substandard conduct was a cause in fact or a legal cause of his injuries.
Recently, in the case of Perkins v. Entergy Corporation, 2000-1372, p. 7 (La.3/23/01), 782 So.2d 606, 611, the Louisiana Supreme Court discussed the duty/ risk analysis as follows: ’
Under Louisiana jurisprudence, most negligence cases are resolved by employing a duty/risk analysis. The determination of liability under the duty/risk analysis usually requires proof of five separate elements: (1) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element); (2) proof that the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant had a duty to conform his conduct to a specific standard (the duty *440 element); (4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. [Citations omitted.]
Assuming arguendo that Waguespack did breach a duty she owed to Wright, Wright still failed to prove that Wagues-pack’s actions were a cause in fact or a legal cause of his injuries. It was Wright who defaulted on the loan with Bank of West Baton Rouge, not Waguespack. The record also reflects that Wright did, in fact, have notice of the sheriffs sale by at least April 3, 2001, and filed an injunction on April 4, 2001, seeking to prohibit the sale. The injunction did not issue, according to the record, due to Wright’s failure to post bond. Even if Wright had known about the foreclosure from the very beginning, there is nothing in the record to suggest that he could have done 17anything to stop it. Wright has not produced factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Accordingly, summary judgment was appropriate.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court granting the motion for summary judgment and dismissing Carl D. Wright’s claim is affirmed. All costs associated with this appeal are assessed to plaintiff-appellant, Carl D. Wright.
AFFIRMED.
GUIDRY, J., concurs.
FITZSIMMONS, J., concurs and assigns reasons.