LOLLEY, J.
bln this medical malpractice claim, Laveda Cornwell, through her son, Donald Cornwell, appeals the summary judgments granted by the Fifth Judicial District Court, Parish of Richland, State of Louisiana, in favor of defendants, Dr. Gordon Massengale and his insurance provider, Louisiana Medical Mutual Insurance Company (“Lammieo”). For the following reasons, we affirm.
FACTS
Dr. Gordon Massengale began treating Laveda Cornwell on April 17, 1996, when she was 72 years old. Among other medical problems, Ms. Cornwell suffered from paranoid schizophrenia which was diagnosed when Ms. Cornwell was 60 years old. Her primary antipsychotic medication was Prolixin. Over the years, Dr. Massengale followed her case and varied the dosage periodically based on the degree of extrapyramidal symptoms, a side effect that can result from taking the med *806 ication. In addition to schizophrenia, Ms. Cornwell was incapacitated to an extent after suffering multiple strokes. She was admitted to Colonial Manor Guest House (“Colonial”), a nursing home, in 2001. Dr. Massengale continued to treat Ms. Corn-well with Prolixin.
On December 28, 2002, while at Colonial, Ms. Cornwell was found lying on the floor with a laceration to the back of her head. She was taken to the emergency room and later released. According to the medical record, Ms. Cornwell had suffered another stroke. On December 30, 2002, Dr. Mas-sengale examined Cornwell and noted her recent “erratic” psychotic behavior. Unfortunately, Ms. Cornwell’s health deteriorated-she went into 12a nonresponsive state and eventually passed away. However, at some point it was discovered that on November 27, 2002, there was a notation in the medical chart to discontinue Ms. Corn-well’s Prolixin which is the basis of the instant case.
Don Cornwell, one of three children of Laveda Cornwell, filed a complaint with the Patients’ Compensation Fund alleging that Dr. Massengale breached the applicable standard of care. The claim was presented to a medical review panel (“MRP”), as required by La. R.S. 40:1299.41 et seq. In a unanimous opinion rendered on May 31, 2005, the MRP found that the evidence did not support the conclusion that Dr. Massengale failed to meet the applicable standard of care in the treatment of Lave-da Cornwell. Specifically, the MRP found that Dr. Massengale did not issue or sign the order to terminate Prolixin.
Don filed this medical malpractice suit. Defendants filed motions for summary judgment contending that Don’s lawsuit for malpractice is not supported by the opinion of the MRP. On February 5, 2007, the trial court heard arguments and granted the motions for summary judgment in favor of defendants. On October 10, 2007, Don Cornwell filed a motion for reconsideration which was denied. This appeal ensued.
LAW AND DISCUSSION
In his first assignment of error, Don argues that the trial court erred in declaring that he was unable to prove that Dr. Massengale issued or signed the order which terminated Ms. Cornwell’s medication. Summary judgments are subject to a de novo review on appeal using the same criteria pas the trial court to determine whether summary judgment is appropriate. Magnon v. Collins, 1998-2822 (La.07/07/99), 739 So.2d 191; Bumgardner v. Terra Nova Ins. Co. Ltd., 35,615 (La.App.2d Cir.01/23/02), 806 So.2d 945. A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Gootee Construction, Inc. v. Amwest Surety Insurance Company, 2003-0144 (La.10/10/03), 856 So.2d 1203.
A plaintiff in a medical malpractice action must establish the applicable standard of care, a breach of this standard of care, and a causal connection between the breach and resulting injury. La. R.S. 9:2794(A); Pfiffner v. Correa, 1994-0924 (La.10/17/94), 643 So.2d 1228; Lowrey v. Borders, 41,852 (La.App.2d Cir.03/07/07), 954 So.2d 238, writ denied, 2007-0722 (La.05/18/07), 957 So.2d 156. To meet this burden of proof, the plaintiff is generally required to produce expert medical testimony. Lowery, supra. The opinion of the MRP may be considered by the court when ruling on a summary judgment motion. Henderson v. Homer Memorial Hospital, 40,585 (La.App.2d Cir.01/27/06), *807 920 So.2d 988, writ denied, 2006-0491 (La.05/05/06), 927 So.2d 316.
While we are sympathetic to Ms. Cornwell’s suffering at the end of her life, we agree with the trial court in that Don would not be able to prove Dr. Massen-gale’s responsibility for the notation found in Ms. Cornwell’s medical chart. Dr. Mas-sengale consistently maintained that he did not issuejjwrite, or sign the instruction to discontinue Prolixin. Based on the record, Don did not show that he will be able to carry his evidentiary burden to refute Massengale’s testimony. While it is unfortunate that no one has admitted to the obvious notation in the medical record, nothing in the pleadings, depositions, answers to interrogatories, and admissions on this legal record show that there is a genuine issue as to material fact. As explained in Smith v. Our Lady of the Lake Hospital, Inc., 1993-2512 (La.07/05/94), 639 So.2d 730, 751, “[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue.” Here, the evidence supports only one conclusion — Dr. Massengale did not discontinue Ms. Cornwell’s Prolixin.
Furthermore, while Don did not introduce expert medical testimony regarding whether Dr. Massengale’s actions breached the standard of care, we need not review this. Since there is nothing in the record that reflects that Dr. Massengale issued instructions or signed to discontinue Prolixin, we cannot evaluate his actions as a breach of standard of care. We also note that the adjusting the dosage of Pro-lixin during Ms. Cornwell’s treatment over the years was standard practice which the MRP did not find to be a deviation from the standard of care. Again, Don does not present anything to refute this. Therefore, this assignment is without merit.
In his second assignment of error Don argues that the trial court erred in going beyond the MRP opinion and beyond the defendants’ motion for summary judgment. We disagree. Don makes much of the trial court’s |Bfinding that he could not prove that Dr. Massengale’s act was below the applicable standard of care. However, the trial court merely concluded this based on the plaintiffs lack of expert medical testimony. To meet this burden of proof, the plaintiff is generally required to produce expert medical testimony. Lowery, supra. As stated above, however, we need not get to this level of analysis since Don is not able to provide evidence that Dr. Mas-sengale committed the “act” that breached the standard of care. The trial court did not exceed the scope of the MRP or the defendant’s motion for summary judgment. Therefore, this assignment of error is without merit.
Finally, Don argues that the trial judge erred in not reviewing the motion for reconsideration based solely on the fact that he did not hand down the initial ruling. At the hearing, the new trial judge stated:
Those are both compelling arguments and the Second Circuit will be glad to hear them, because I’m not going to play Court of Appeals [sic] to Judge Roberts. This is an unusual situation where I’m coming behind him, and he’s been here twenty-four years and I don’t feel that it’s my position to second guess a ruling that he has made, for better or for worse. For that reason I’m going to deny the motion for reconsideration and again those are my reasons, because I don’t feel like I’m in the position to be an Appellate Court to Judge Roberts’ original finding.
In the interest of judicial economy we find it unnecessary to review the validity of the *808 reasons set forth by the new trial judge during the hearing. We agree that it was a unique situation to have a different judge preside over the motion to reconsider and though we would have preferred substantive reasons for the denial of the motion, we do not feel remand is necessary. Procedurally, the standard of review on a motion to reconsider would have been de novo, the same as it is on this appeal. Substantively, LPon argued he had new evidence, specifically Dr. Massengale’s deposition, that the abrupt termination of Prolixin is a breach of the standard of care. However, since the abrupt termination of Prolixin cannot be causally connected to Dr. Massengale, a grant of the motion for reconsideration would not have been appropriate. This assignment of error, therefore, is without merit.
CONCLUSION
After a de novo review, we affirm the trial court’s grant of summary judgment in favor of Dr. Gordon Massengale and Louisiana Medical Mutual Insurance Company. All costs of this appeal are to be borne by Don Cornwell.
AFFIRMED.