5 So.3d 983 (2009)
Larry G. CLOWER, Plaintiff-Appellant,
v.
BANK OF AMERICA, et al., Defendants-Appellees.
No. 44,034-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 2009.
Rehearing Denied April 2, 2009.
*984 Billy R. Pesnell, Shreveport, for Appellant.
Colvin, Weaver & Cerniglia by James H. Colvin, Shreveport, for Appellee, Colvin, Weaver & Cerniglia.
Newell & Newell by Daniel W. Newell, Homer, for Appellee, Bank of America.
Cook, Yancey, King & Galloway by James R. Sterritt, Shreveport, for Appellee, Ken Bailey.
Before BROWN, PEATROSS and LOLLEY, JJ.
LOLLEY, J.
The matter here appealed involves a summary judgment dismissing malpractice claims made by Larry G. Clower ("Plaintiff") against Charles E. Weaver and Colvin, Weaver & Cerniglia law firm ("CWC"). The allegations of malpractice arise from a suit still pending on the docket of the Second Judicial District Court, Claiborne Parish, entitled Bank of America, N.A. v. Wilma Juanita Clower, Janet Lee Thompson, and Larry Gene Clower, No. 37,289 (the "underlying suit"). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
In the underlying suit, Clower owned an undivided 3.33 percent interest in a 66.5 acre tract of land located in Claiborne Parish ("the Property"). Bank of America filed a petition to partition the Property by licitation on January 14, 2006, naming Wilma Clower, Janet Thompson, and Plaintiff as defendants. On July 13, 2006, the trial court appointed Charles Weaver to represent Plaintiff in the partition suit, as Plaintiff was a resident of Florida. Weaver sent Plaintiff a letter, dated July 31, 2006, notifying Plaintiff that a petition for partition by licitation had been filed by Bank of America, that Weaver had been appointed "Curator to effectuate service upon you in this case," and enclosed in the letter a copy of the petition. Plaintiff made no reply to Weaver or any member of the party.
On October 12, 2006, following a hearing on Bank of America's petition for partition, the trial court ordered the Property to be partitioned by licitation and that a commission be issued to the Sheriff of Claiborne Parish to sell the Property at public auction, according to law, and to the highest bidder, after the advertisements required for judicial sales. In addition, the trial court relieved Weaver (and CWC) of his appointment as attorney for Plaintiff.
Sheriff Ken Bailey advertised the sale of the Property in the Haynesville News on November 16, 2006, and December 14, 2006, making known that the Property would be put up at public auction to the highest bidder on December 20, 2006. On the day of auction, Bank of America was the only bidder, winning the Property for $2,000.
On October 12, 2007, Plaintiff filed a petition, alleging that: he had no knowledge or notice that the Property was being offered for sale at public auction; he received no notice from Sheriff Bailey, Bank of America, Weaver, or CWC; and, further, as a resident of Florida, did not subscribe to or receive the Haynesville News. The Plaintiff further alleged that, had he known of the auction, he would have bid at least $1,000 per acre (or $66,000) on the property.
One of Plaintiff's allegations was that he was entitled to a money judgment against Weaver and CWC "for all reasonable damages sustained by Plaintiff as a result of *985 their professional negligence and malpractice in representing Plaintiff." Plaintiff asserted that Weaver and CWC failed to inform Plaintiff of the judgment for partition by licitation rendered on October 12, 2006; notify Plaintiff of the date of the auction; advise Plaintiff of his right to bid on the Property; notify Plaintiff that Bank of America purchased the Property for $2,000; oppose the homologation of the partition; and inform Plaintiff that he had the right to appeal the judgment Homologating the Partition.
Weaver and CWC did not answer Plaintiff's amended petition, but instead filed a motion for summary judgment on March 14, 2008, based on the fact that Weaver was relieved of his responsibilities as attorney for Plaintiff by order of court at the hearing on October 12, 2006. A hearing on the motion for summary judgment was held on April 15, 2008, where, following argument, the trial court granted the motion for summary judgment, and dismissed Plaintiff's claims against Weaver and CWC with prejudice. This judgment was rendered on April 23, 2008.
On April 29, 2008, Plaintiff filed a motion for a new trial, which the trial court set for hearing on June 2, 2008. In addition, Plaintiff filed a motion to stay proceedings because the case had never been randomly assigned as required by La. C.C.P. art. 253.1 and 253.2.[1]
At the hearing of June 2, 2008, counsel for Bank of America told the trial court that Bank of America had decided to grant the relief Plaintiff asked for; namely, to vacate the sheriff sale of the Property and the homologation and "just do it over," and then requested the court to order the sheriff to re-notice and reschedule the sale of the Property.
The trial court denied all of Plaintiff's motions set before the hearing, without argument, and ordered the Deputy Clerk of Court to randomly assign all matters following that date, June 2, 2008. On June 6, 2008, the trial court signed a written judgment denying Plaintiff's motion for new trial, and granted the motion for summary judgment, dismissing Plaintiff's claims against Weaver and CWC.
Plaintiff subsequently filed a motion for devolutive appeal, asking this court to reverse the granting of the summary judgment. Bank of America, on June 26, 2008, filed a written motion to set aside the judicial sale and reissue the process to begin a new judicial sale, which the trial court granted.

DISCUSSION
Summary judgments are subject to a de novo review on appeal using the same criteria as the trial court to determine whether summary judgment is appropriate. Magnon v. Collins, 1998-2822 (La.07/07/99), 739 So.2d 191; Bumgardner v. Terra Nova Ins. Co. Ltd., 35,615 (La. App.2d Cir.01/23/02), 806 So.2d 945. If the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law, then summary *986 judgment is appropriate. La. C.C.P. art. 966(B); Bumgardner, supra.
The motion for summary judgment is now favored and "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La. C.C.P. art 966.
Given Bank of America's action to set aside the judicial sale of the Property, the only possible complaint Plaintiff could have against his court-appointed attorney is the legal costs he incurred in order to urge Bank of America to set aside the judicial sale.
La. C.C.P. art. 5095 provides:
The attorney at law appointed by the court to represent a defendant shall use reasonable diligence to inquire of the defendant, and to determine from other available sources, what defense, if any, the defendant may have, and what evidence is available in support thereof.
Except in an executory proceeding, the attorney may except to the petition, shall file an answer in time to prevent a default judgment from being rendered, may plead therein any affirmative defense available, may prosecute an appeal from an adverse judgment, and generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant. (Emphasis added)
In In re RMK, 499 So.2d 190, 192 (La. App. 2d Cir.1986), this court stated:
It is certainly correct that an attorney appointed to represent a nonresident defendant in an adoption proceeding has responsibilities beyond accepting service of process, communicating with the defendant, and filing an answer. The Code of Civil Procedure clearly provides that the appointed attorney generally has the same duty, responsibility, and authority in defending the action or proceeding as if he had been retained as counsel for the defendant. The appointed counsel is not relieved of these responsibilities and the court cannot relieve him of these responsibilities simply because the absentee defendant does not contract with the court appointed attorney for representation at an agreed fee. The court appointed counsel's obligation is to proceed in the manner directed by the code article. As provided in the code, the appointed attorney is entitled to a reasonable fee for his services to be paid by the plaintiff and taxed as costs of court. (Emphasis added)
However, it is uncontested that Plaintiff took no action whatsoever after being sent notification of the legal measure by Weaver's certified letter sent on July 31, 2006. "[T]he basic purpose of a curator ad hoc is to represent the interests of and to attempt to locate the absent defendant." Wright v. Waguespack, XXXX-XXXX (La.App. 1st Cir.12/20/02), 836 So.2d 436, 438. "A curator who sent an absentee a certified letter at the absentee's last known address as given by the petition had performed his duties conscientiously." Id. at 439.
To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. Teague v. St. Paul Insurance Company, XXXX-XXXX (La.02/01/08), 974 So.2d 1266.
Weaver, as a court-appointed attorney for Plaintiff, could not have taken action against the judicial sale without knowing what his client's desires were. Indeed, because Plaintiff kept his curator, Weaver, in the dark, Weaver did not know whether Plaintiff opposed the judicial sale, supported *987 it, or cared in the slightest. Further, had Plaintiff timely taken an interest in the judicial proceeding of which Weaver notified him, Plaintiff would still have suffered the very legal fees for which he now asks. Plaintiff has simply failed to show any possible loss suffered because of Weaver's actions or inactions as curator. Accordingly, we agree with the trial court that, in this suit for malpractice, there is no genuine issue of material fact and that Weaver is entitled to a judgment dismissing the suit as a matter of law. La. C.C.P. art. 966(B); Bumgardner, supra.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment in favor of Charles E. Weaver and Colvin, Weaver & Cerniglia and dismissing Larry G. Clower's malpractice suit is affirmed. Costs of this appeal are assessed to Plaintiff, Larry G. Clower.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, PEATROSS, MOORE and LOLLEY, JJ.
Rehearing denied.
NOTES
[1] La. C.C.P. art. 253.1 provides: All pleadings filed shall be randomly assigned to a particular section or division of the court.

La. C.C.P. art. 253.2 provides:
After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial pursuant to Article 1561. However, the supreme court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated.